# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO

NICHOLAS K. MERIWETHER,

*Plaintiff,*

*v.*

THE TRUSTEES OF SHAWNEE STATE UNIVERSITY, *et al.,*

*Defendants.*

Case No: 1:18-cv-00753-SJD

THE HONORABLE SUSAN J. DLOTT

## PLAINTIFF'S RESPONSE TO
## JANE DOE AND SEXUALITY AND GENDER ACCEPTANCE'S
## MOTION TO INTERVENE AS DEFENDANTS

# TABLE OF CONTENTS

TABLE OF AUTHORITIES.................................................................................................ii

INTRODUCTION ........................................................................................................... 1

ARGUMENT ................................................................................................................. 2

   I.   Intervention as of right should be denied because Proposed Intervenors do not have a substantial legal interest that would be impaired in the absence of intervention, and the parties before the court are adequate representatives............................................................................................... 2

      A.  Proposed Intervenors have not established a substantial legal interest that will be impaired absent censoring and punishing Dr. Meriwether..... 2

      B.  Proposed Intervenors' motion should be denied because they have not established that the University will not adequately represent their purported interests. ..................................................................................... 5

   II. The motion for permissive intervention should be denied because Proposed Intervenors have failed to meet the burden of proof to establish a common question and intervention would likely result in prejudice, delay, and increased litigation complexity.......................................................................... 8

CONCLUSION ........................................................................................................... 10

## TABLE OF AUTHORITIES

**Cases**

*Bay Mills Indian Cmty. v. Snyder,*

    720 F. App'x 754 (6th Cir. 2018) ............................................................. 7

*Bradley v. Milliken,*

    828 F.2d 1186 (6th Cir. 1987) ....................................................... 5, 6, 9

*Coal. to Defend Affirmative Action v. Granholm,*

    501 F.3d 775 (6th Cir. 2007) ............................................................. 3, 7

*Cohen v. California,*

    403 U.S. 15 (1971) ...................................................................................... 4

*Diamond v. Charles,*

    476 U.S. 54 (1986) ...................................................................................... 3

*Grutter v. Bollinger,*

    188 F.3d 394 (6th Cir. 1999) .................................................................... 3

*Keyishian v. Bd. of Regents of Univ. of State of N. Y.,*

    385 U.S. 589 (1967) .................................................................................... 1

*Matal v. Tam,*

    137 S. Ct. 1744 (2017) ............................................................................... 4

*McCullen v. Coakley,*

    134 S. Ct. 2518 (2014) ............................................................................... 1

*Northland Family Planning Clinic, Inc. v. Cox,*

    487 F.3d 323 (6th Cir. 2007) .................................................................... 9

*Providence Baptist Church v. Hillandale Comm., Ltd.,*

    425 F.3d 309 (6th Cir. 2005) .................................................................... 3

*United States v. Michigan,*

    424 F.3d 438 (6th Cir. 2005) ................................................... 2, 5, 6, 7, 8

**Rules**

FED. R. CIV. P. 24(a) ..................................................................................................... 2

"The First Amendment's purpose [is] to preserve an uninhibited marketplace of ideas in which truth will ultimately prevail." *McCullen v. Coakley*, 134 S. Ct. 2518, 2529 (2014) (cleaned up). "Our Nation is deeply committed to safeguarding academic freedom, which is of transcendent value to all of us and not merely to the teachers concerned. That freedom is therefore a special concern of the First Amendment, which does not tolerate laws that cast a pall of orthodoxy over the classroom." *Keyishian v. Bd. of Regents of Univ. of State of N. Y.*, 385 U.S. 589, 603 (1967). Indeed, "[t]he vigilant protection of constitutional freedoms is nowhere more vital than in the community of American schools. The classroom is peculiarly the 'marketplace of ideas.'" *Id.* (cleaned up). Furthermore, "[t]he Nation's future depends upon leaders trained through wide exposure to that robust exchange of ideas which discovers truth 'out of a multitude of tongues, (rather) than through any kind of authoritative selection." *Id.*

Dr. Meriwether treats all students equally and with respect. Nonetheless, the University has censured his speech inside and outside of the classroom, attempting to compel him to squelch the marketplace of ideas, and conform to a speech code that is anathema to the First Amendment and the cornerstone of academic freedom.

Despite the University's prosecution of Dr. Meriwether, and its defense of its onerous speech code, Proposed Intervenors seek to intervene in this matter, both as of right and permissively at the discretion of this court. This motion should be denied because Proposed Intervenors do not have a substantial legal interest in enforcing disciplinary actions against Dr. Meriwether, and the University adequately represents any alleged interests. The First Amendment does not recognize a legal interest in avoiding subjective offense. Further, permissive intervention should be denied because Proposed Intervenors have failed to meet their burden of proof regarding common questions, and intervention would complicate the litigation and

result in prejudice to the parties and undue delay.

ARGUMENT

**I. Intervention as of right should be denied because Proposed Intervenors do not have a substantial legal interest that would be impaired in the absence of intervention, and the parties before the court are adequate representatives.**

Rule 24(a) requires that in order to be granted a right to intervene, a proposed intervenor must establish the following four elements:

(1) the motion to intervene is timely;

(2) the proposed intervenor has a substantial legal interest in the subject matter of the case;

(3) the proposed intervenor's ability to protect that interest may be impaired in the absence of intervention; and

(4) the parties already before the court may not adequately represent the proposed intervenor's interest.

*United States v. Michigan*, 424 F.3d 438, 443 (6th Cir. 2005) (cleaned up). Proposed intervenors have the burden of proof and "must prove each of the four factors; failure to meet one of the criteria will require that the motion to intervene be denied." *Id.*

Proposed Intervenors' motion should be denied because they have not established a substantial legal interest in compelling Dr. Meriwether to be punished by the University's policies. Further, the current Defendants are vigorously and adequately defending the policies in question, and Proposed Intervenors have not met their burden of proof otherwise.

Although the court may have an independent duty to assure itself that an intervention is timely filed, *see* FED. R. CIV. P. 24(a), Dr. Meriwether does not contest the timeliness of this motion.

**A. Proposed Intervenors have not established a substantial legal interest that will be impaired absent censoring and punishing Dr. Meriwether.**

Dr. Meriwether treats all students equally. Proposed Intervenors seek special treatment, not equal treatment under the law, and have failed to meet their burden of propounding a *substantial legal* interest in compelling the enforcement of the

University's unconstitutional speech policies against Dr. Meriwether. Although, as Proposed Intervenors note, the Sixth Circuit "has opted for a rather expansive notion of the interest sufficient to invoke intervention of right, this does not mean that any articulated interest will do." *Coal. to Defend Affirmative Action v. Granholm*, 501 F.3d 775, 780 (6th Cir. 2007) (cleaned up).

Proposed Intervenors assert that they are "beneficiar[ies] of a university policy," Proposed Intervenors' Mem. in Supp. of Mot. to Intervene ("Intervention Br.") at 7–8, Doc. 18, PageID.497–98, that is being used to discipline Dr. Meriwether for his constitutionally protected expression. "The inquiry into the substantiality of the claimed interest is necessarily fact-specific." *Grutter v. Bollinger*, 188 F.3d 394, 398 (6th Cir. 1999). But, Proposed Intervenors fail to articulate in a fact-specific manner what the actual benefit is that they purportedly receive from this policy. Intervention Br. at 7–8, Doc. 18, PageID.497–98. If the asserted substantial legal interest is the discipline of professors that use words that offend them, "a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another." *Diamond v. Charles*, 476 U.S. 54, 64 (1986). Indeed, to the extent Proposed Intervenors allege any interest in Dr. Meriwether's prosecution, the Sixth Circuit has rejected this as a valid intervention interest because "concerns for state autonomy . . . deny private individuals the right to compel a state to enforce its laws." *Providence Baptist Church v. Hillandale Comm., Ltd.*, 425 F.3d 309, 317 (6th Cir. 2005) (quoting *Diamond*, 476 U.S. at 65, where, according to the Sixth Circuit, the Court rejected "an individual's attempt to intervene in a lawsuit challenging the constitutionality of an Illinois abortion regulation, where the state acquiesced in the court's ruling of unconstitutionality.").

Proposed Intervenors rely heavily on *Grutter*. In that case, the appellate court found that the proposed intervenors "interest in gaining admission to the University" was a substantial enough interest to warrant intervention. *Grutter*, 188 F.3d at 399.

The interest asserted here, however, is not anything like the concrete interest of admission to a university. Proposed Intervenors admit that they are permitted to participate in Dr. Meriwether's classes. Proposed Intervenors' Conditional Ans. ¶ 15, Doc. 18-1, PageID.509. While not directly articulated in a fact-specific manner, the interest asserted appears to be an interest in being free from the subjective offense caused by professors who consistently treat all males and females equally using biological-correct pronouns. *See id.* ¶¶ 27–28, PageID.510 (Proposed Intervenor was distressed by Dr. Meriwether's attempt to accommodate Proposed Intervenor by referring to Proposed Intervenor without using pronouns); Compl. ¶¶ 150, 164, Doc. 1, PageID.20–21. But as the Supreme Court has "said time and again . . . the public expression of ideas may not be prohibited merely because the ideas are themselves offensive to some of their hearers." *Matal v. Tam*, 137 S. Ct. 1744, 1763 (2017) (cleaned up) (collecting cases); *see also Cohen v. California*, 403 U.S. 15, 25–26 (1971) ("[T]he State has no right to cleanse public debate to the point where it is grammatically palatable to the most squeamish among us. . . . Indeed, we think it is largely because governmental officials cannot make principled distinctions in this area that the Constitution leaves matters of taste and style so largely to the individual."). Unlike the concrete and substantial interest of university admission in *Grutter*, here, Proposed Intervenors have failed to articulate specific facts supporting any substantial legal interest in Dr. Meriwether's discipline other than avoiding subjective offense—an interest the Supreme Court has consistently rejected.

Further, because Proposed Intervenors have not met their burden of proving in a fact-specific manner that they have a substantial legal interest in the outcome of this case, they also fail to meet the burden of proving that a substantial legal interest will be impaired absent their intervention. Proposed Intervenors speculate that "a victory for Professor Meriwether would inhibit [Proposed Intervenors] from pursuing their own claims in a future case that Professor Meriwether's conduct violates Title IX, the

Equal Protection Clause, or applicable disability discrimination laws." Intervention Br. at 9, Doc. 18, PageID.499. It is unclear what "applicable disability discrimination laws" Proposed Intervenors refer to (they list no specifics). Further, Dr. Meriwether's Complaint does not challenge the constitutionality of Title IX, and does not address Proposed Intervenor's purported equal protection claims which, if supported by the law, they are free to bring at any time as a separate case.

In sum, Proposed Intervenors put forth generic and sweeping conclusory claims, but fail to meet the burden of proving specific substantial legal interests that will be impaired absent their intervention.

### B. Proposed Intervenors' motion should be denied because they have not established that the University will not adequately represent their purported interests.

Like their burden to prove a substantial legal interest, "[a]pplicants for intervention bear the burden of proving that they are inadequately represented by a party to the suit." *Michigan*, 424 F.3d at 443–44. Although Proposed Intervenors correctly note that the burden has been described as "minimal," Courts have re-affirmed that "applicants for intervention must overcome the presumption of adequate representation that arises when they share the same ultimate objective as a party to the suit." *Id.*; *see also Bradley v. Milliken*, 828 F.2d 1186, 1192 (6th Cir. 1987) (same) (collecting cases).

Proposed Intervenors fail to "meet [their] burden of demonstrating inadequate representation when no collusion is shown between the representatives and an opposing party, when the representative does not have or represent an interest adverse to the proposed intervenor, and when the representative has not failed in its fulfillment of his duty." *Bradley*, 828 F.2d at 1192 (cleaned up). Proposed Intervenors have not alleged any facts to support any of these three factors. To the contrary, Proposed Intervenors admit that they "share the same goal" as the University. Proposed Intervenors' Mot. to Intervene ("Intervention Mot.") ¶ 5, Doc. 18,

PageID.489. Proposed Intervenors also admit that the University "will defend its authority" to compel Dr. Meriwether to use state-mandated pronouns. Intervention Br. at 10, Doc. 18, PageID.500. These admissions contradict a claim of inadequate representation.

Instead, Proposed Intervenors speculate that in the future current Defendants may "disclaim" an affirmative "legal obligation" to prosecute Dr. Meriwether. *Id.* "At a minimum," Proposed Intervenors argue, "the parties' arguments are likely to have a different focus." *Id.* But the Sixth Circuit has held that "[a] mere disagreement over litigation strategy or individual aspects of a remediation plan does not, in and of itself, establish inadequacy of representation." *Bradley*, 828 F.2d at 1192.

Like in *Michigan*, "[t]he proposed intervenors have failed to articulate why the [University's] legal representation concerning this issue is inadequate." *Michigan*, 424 F.3d at 444. Specifically, "[t]he relief requested by the proposed intervenors and [the University] in their respective pleadings is nearly identical." *Id.*; *cf.* Intervention Mot. ¶ 5, Doc. 18, PageID.489 (the Defendants and Proposed Intervenors "share the same goal"). Like in *Michigan*, "[t]he proposed intervenors have not . . . shown that the [University] would fail to present [Proposed Intervenor's preferred] arguments to the district court." *Michigan*, 424 F.3d at 444.

In sum, there is a presumption that the current parties are adequate representatives. *Id.* at 443. Proposed Intervenors admit that they share the same goals and objectives as Defendants and that current Defendants will defend their authority to enforce the challenged policies against Dr. Meriwether. This does not meet the burden of proof regarding inadequate representation. If Proposed Intervenors wish to advance a different "focus" regarding the same arguments Defendants already make, participation as amici curiae is the appropriate forum for such a presentation, *Bradley*, 828 F.2d at 1194—not the duplication of an already well-represented position.

## II. The motion for permissive intervention should be denied because Proposed Intervenors have failed to meet the burden of proof to establish a common question and intervention would likely result in prejudice, delay, and increased litigation complexity.

Whether to grant permissive intervention is within the discretion of the court. *Coal. to Defend Affirmative Action*, 501 F.3d at 784. At a minimum, however, "a proposed intervenor must establish that the motion for intervention is timely and alleges at least one common question of law or fact." *Michigan*, 424 F.3d at 445. If the Court finds that these two elements are established, it "must then balance undue delay and prejudice to the original parties, if any, and any other relevant factors to determine whether, in the court's discretion, intervention should be allowed." *Id.*

Proposed Intervenors fail to meet the burden of proving that they have a substantial legal interest that shares common questions of law or fact. *Coal. to Defend Affirmative Action*, 501 F.3d at 784 (lack of substantial legal interest was a relevant factor in denying permissive intervention). The motion merely alleges a conclusory restatement of the standard without proving specific facts that demonstrate a shared legal interest. Intervention Br. at 12–13. Doc. 18, PageID.502–03 ("[Proposed Intervenors] have defenses that share common questions. . . ."). Such a restatement of the legal standard does not meet the burden of proof, nor provide Plaintiff with any facts to rebut. The only other statement made is that Proposed Intervenors "intend to argue that the First Amendment and state law permit [The University's] policy as a matter of law." *Id.*

A mere intention to make the same legal argument as current defendants without more does not justify intervention. Further, even if Proposed Intervenors alleged specific facts such as that they may be impacted by this court's interpretation of the applicable constitutional standards, such allegations alone do not justify intervention. *Bay Mills Indian Cmty. v. Snyder*, 720 F. App'x 754, 758 (6th Cir. 2018) ("Allowing this to fulfill the "common question" requirement would mean that any [person potentially affected by a policy's interpretation] would be able to intervene

whenever [the Policy] is implicated in any way—or, to analogize, it would allow any employer to intervene in any Title VII suit.") (affirming the denial of an Indian Tribe's motion to intervene in a case involving the interpretation of the statutory meaning of "Indian land").

In addition to the common question requirement not being met, permissive intervention should be denied because intervention may cause undue delay, complicate the case, and prejudice the parties. Courts do not abuse their discretion when they deny intervention if the addition of an intervenor could complicate the case, require "the adjudication of fact intensive issues," result in any delay in the case, result in any prejudice to the parties, or any other relevant factors. *Michigan*, 424 F.3d at 445.

Here, although, in their motion Proposed Intervenors allege that they "do not intend to pursue affirmative claims in this case," Intervention Br. at 1, Doc. 18, PageID.491, in their conditional answer Proposed Intervenors purport to "reserve the right to supplement or amend this Answer, including through the addition of further affirmative defenses . . ." Proposed Intervenor's Conditional Ans. at 6 ¶ 2, Doc. 18-1, PageID.512. The addition of further affirmative defenses in the future may complicate this case, cause delay, and prejudice Plaintiff who is entitled to a swift adjudication of his constitutional rights. Further delay, cost, and prejudice may also be incurred by Proposed Intervenors declaration of intent to engage in what they perceive to be a more expansive discovery regarding alleged harms than they believe current Defendants will engage in. Intervention Mot. ¶ 6, Doc. 18, PageID.489; *cf. Michigan*, 424 F.3d at 445 ("Although the proposed intervenors did not request a delay in the proceedings, the court believed that their intervention would prejudice the original parties because they would need prolonged discovery.") (cleaned up).

Lastly, Proposed Intervenors seek to file an additional motion to dismiss, Intervention Br. at 13, Doc. 18, PageID.503, which will cause further burden, costs,

and delays since Plaintiff is already responding to a motion to dismiss by the current Defendants which was filed on January 7, 2019. Defs.' Mot. to Dismiss, Doc. 22.[1] Likewise, the addition of more parties that are not similarly situated to the current Defendants will prejudice Dr. Meriwether and complicate the litigation. Dr. Meriwether would be compelled to respond to multiple parties' differing arguments, any potential settlement discussions could be derailed by the addition of more parties with potentially different views of the law, and Proposed Intervenors have already expressed an intent to engage in their own discovery, Intervention Mot. ¶ 6, Doc. 18, PageID.489. *Northland Family Planning Clinic, Inc. v. Cox*, 487 F.3d 323, 346 (6th Cir. 2007) (denial of permissive intervention was appropriate when the intervenor sought to promote ideological goals that could seriously delay the adjudication and resolution of the matter).

In sum, Proposed Intervenors have not alleged facts sufficient to meet their burden of proof, and granting intervention would likely prejudice the parties, cause delay, and complicate the litigation.[2]

## Conclusion

Proposed Intervenor's motion to intervene should be denied.

---

[1] It is unclear whether this request to file a motion to dismiss, tacked on to the end of the memorandum in support of motion to intervene, is properly before the court, but if so, it should be denied because it will cause delay, cost, and prejudice to the parties.

[2] To the extent that Proposed Intervenors have an interest, though not a substantial legal one, in this matter, the court may take "steps to protect the proposed intervenors' interests by inviting [them] to appear as amic[i] curiae in the case. This would allow the district court the benefit of hearing proposed intervenors' concerns and views . . . before it rules on [the] issues. . . ." *Bradley*, 828 F.2d at 1194 (affirming denial of motion to intervene as of right or permissively).

Respectfully submitted this 14th day of January, 2019.

/s/ Travis C. Barham

DAVID A. CORTMAN*
Georgia Bar No. 188810
TRAVIS C. BARHAM*
Arizona Bar No. 024867
Georgia Bar No. 753251
**ALLIANCE DEFENDING FREEDOM**
1000 Hurricane Shoals Rd. NE, Ste. D-1100
Lawrenceville, Georgia 30043
Telephone:  (770) 339–0774
Facsimile:  (770) 339–6744
dcortman@ADFlegal.org
tbarham@ADFlegal.org

THOMAS W. KIDD, JR.
Ohio Bar No. 0066359
**KIDD & URLING, LLC**
8913 Cincinnati-Dayton Road
West Chester, Ohio 45069
Telephone:  (513) 733–3080
Facsimile:  (513) 577–7393
tkidd@kiddurlinglaw.com

TYSON C. LANGHOFER*
Arizona Bar No. 032589
JONATHAN M. LARCOMB*
Virginia Bar No. 47274
**ALLIANCE DEFENDING FREEDOM**
440 1st Street, NW, Ste. 600
Washington, D.C. 20001
Telephone:  (202) 393–8690
Facsimile:  (202) 347–3622
tlanghofer@ADFlegal.org
jlarcomb@ADFlegal.org

* Admitted *pro hac vice.*

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on the 14th day of January, 2019, I filed a true and accurate copy of the foregoing document with the Clerk of Court using the CM/ECF system, which automatically sends an electronic notification to the following attorneys of record:

RORY P. CALLAHAN
Principal Assistant Attorney General
Employment Law Section
ANNA M. SEIDENSTICKER
Principal Assistant Attorney General
Employment Law Section
30 East Broad Street, 23rd Floor
Columbus, Ohio 43215
Telephone: (614) 644–7257
Facsimile: (614) 752–4677
Rory.Callahan@ohioattorneygeneral.gov
Anna.Seidensticker@ohioattorneygeneral.gov
elsreview@ohioattorneygeneral.gov

HANNAH STONEBURNER
Associate Assistant Attorney General
Education Section
30 East Broad Street, 16th Floor
Columbus, Ohio 43215
Telephone: (614) 644–7250
Facsimile: (614) 644–7634
Hannah.Stoneburner@ohioattorneygeneral.gov

*Attorneys for Defendants*

ADAM G. UNIKOWSKY
JENNER & BLOCK LLP
1099 New York Avenue, NW
Suite 900
Washington, DC 20001
Telephone: (202) 639–6000
Facsimile: (202) 639–6066
aunikowsky@jenner.com

SHANNON P. MINTER
ASAF ORR
CHRISTOPHER F. STOLL
NATIONAL CENTER FOR LESBIAN RIGHTS
870 Market Street Suite 370
San Francisco, California 94102
Telephone: (415) 392–6257
Facsimile: (415) 392–8442
sminter@nclrights.org
aorr@nclrights.org

cstoll@nclrights.org

*Attorneys for Proposed Defendant-Intervenors*

Respectfully submitted on this the 14th day of January, 2019.

                                        */s/ Travis C. Barham*
                                        Travis C. Barham
                                        *Attorney for Plaintiffs*