UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

```
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -  x
NICHOLAS K. MERIWETHER,                       :
                                              :
          Plaintiff,                          :
                                              :    Case No. 1:18-cv-753
              vs.                             :
                                              :    Judge Susan J. Dlott
THE TRUSTEES OF SHAWNEE STATE                 :    Magistrate Judge Karen L. Litkovitz
UNIVERSITY, ET AL.                            :
                                              :
          Defendants.                         :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -  x
```

**REPLY MEMORANDUM IN SUPPORT OF JANE DOE AND SEXUALITY AND
GENDER ACCEPTANCE'S MOTION TO INTERVENE AS DEFENDANTS**

Jane Doe and SAGA easily satisfy the requirements for both intervention of right under Rule 24(a) and permissive intervention under Rule 24(b). Their motion to intervene should therefore be granted.

**A. Ms. Doe and SAGA are entitled to intervene as defendants as of right.**

Jane Doe and SAGA have established the four requirements for intervention as of right: "(1) timeliness of the application to intervene, (2) the applicant's substantial legal interest in the case, (3) impairment of the applicant's ability to protect that interest in the absence of intervention, and (4) inadequate representation of that interest by parties already before the court." *Mich. State AFL-CIO v. Miller*, 103 F.3d 1240, 1245 (6th Cir. 1997).

*Timeliness of application to intervene*. Neither Plaintiff nor Shawnee disputes that the motion to intervene is timely.

*Substantial legal interest in the case*. Ms. Doe's legal interest is straightforward: "She is a transgender student who asserts an interest in being treated in a non-discriminatory matter." Mem. in Support of Motion to Intervene ("Mot."), Doc. 18, at PageID 497. Indeed, this case is

*about her*. Shawnee disciplined Plaintiff because its investigation into Ms. Doe's complaint concluded that he discriminated against *her*. Plaintiff asks the Court to declare that he has a constitutional right to discriminate against *her* (and other transgender students). Ms. Doe seeks to vindicate *her* interest in receiving an education without discrimination, as well as *her* right to maintain the privacy of her transgender status. SAGA, too, has an interest in preventing discrimination against its transgender members, including Ms. Doe. This interest easily falls within the "rather expansive notion of the interest sufficient to invoke intervention as of right." *Grutter v. Bollinger*, 188 F.3d 394, 398 (6th Cir. 1999) (internal quotation marks omitted).

Plaintiff's response is a classic case of question-begging. He assumes the conclusion that he is *not* discriminating against her—a conclusion this Court certainly has not reached—and then argues, based on that untested assumption, that Ms. Doe should not even be permitted to intervene so as to *argue* that she is the victim of discrimination. In particular, Plaintiff begins his analysis with the assertion that he "treats all students equally," and that Ms. Doe and SAGA "seek special treatment, not equal treatment under the law." Pltf. Opp. to Motion to Intervene ("Pltf. Opp."), Doc. 26, at PageID 600. Based on that assumption, Plaintiff asserts that the sole interest that Ms. Doe and SAGA seek to vindicate is "avoiding subjective offense," an interest that, he claims, is insufficient to establish intervention as of right. *Id.* at PageID 602. Of course, Ms. Doe and SAGA reject that assumption. The complaint alleges blatant discrimination against Ms. Doe and demonstrates Plaintiff's intent to treat all transgender students in that same discriminatory manner. Among other things, Plaintiff referred to all students as "Sir" or "Ma'am" *except* Ms. Doe, who he referred to only by her last name because she is transgender. Compl., Doc. 1, at PageID 20, ¶ 150. A victim of discrimination surely has a legal interest in preventing that discrimination. *Bd. of Educ. of the Highland Local Sch. Dist. v. U.S. Dept. of Educ.* ("*Highland*"), No. 2:16-CV-524,

2016 WL 4269080, at *3 (S.D. Ohio Aug. 15, 2016) (transgender student's "interest in being treated in a non-discriminatory manner by her school … easily satisfied" substantial interest requirement).

Further, Plaintiff overlooks the very real harms that he inflicted on Ms. Doe. As the motion to intervene explained, Plaintiff's conduct caused Ms. Doe significant psychological strain and distress, including an increase in both the severity and duration of her gender dysphoria. Mot., Doc. 18, at PageID 493. She had regular crying spells outside of class and was in a constant state of emotional exhaustion. *Id.* Ms. Doe surely has an interest in protecting herself from those harms, just as SAGA has an interest in preventing those harms from occurring to any of its other transgender members.

Finally, although Plaintiff minimizes the harm to Ms. Doe arising from his refusal to use female titles and pronouns when referring to *her*, he alleges that it is Shawnee's response to that very use of titles and pronouns that violates his First Amendment rights and causes actionable harm to *him*. Plaintiff cannot simultaneously contend that pronoun use is an important enough interest for him to bring this lawsuit, and that it is an insufficiently important interest for Ms. Doe and SAGA to participate in this lawsuit.

***Impairment of the applicant's ability to protect that interest in the absence of intervention.*** Jane Doe and SAGA easily satisfies the "minimal requirements of the impairment element." *Grutter*, 188 F.3d at 400 (quotation marks omitted). If Plaintiff wins this case, there will be a court order conferring Plaintiff the right to discriminate against transgender students—effectively preventing Jane Doe and SAGA from seeking recourse against such discrimination. That result plainly would impair their interest in ensuring that transgender students be able to obtain an education at Shawnee without discrimination on the basis of their gender identity.

3

Plaintiff asserts that he "does not challenge the constitutionality of Title IX." Pltf. Opp., Doc. 26, at PageID 603.  But Plaintiff may—indeed, almost certainly will—argue that his statements could not violate Title IX at all.  If Plaintiff prevails on that theory, Jane Doe and SAGA would be impaired in their ability to argue that the failure to prevent such conduct *does* violate Title IX, as Shawnee could rely on such a ruling to justify future inaction on complaints of sex discrimination filed against Plaintiff.  *Highland*, 2016 WL 4269080, at *3 (possibility that a ruling in the district's favor would prevent the transgender student from asserting her own constitutional and statutory rights was sufficient to establish impairment).

***Inadequate representation of that interest by parties already before the court.***  Jane Doe and SAGA satisfy this "minimal" burden as well. *Grutter*, 188 F.3d at 400.  Jane Doe and SAGA can establish inadequate representation by showing that "the existing party who purports to seek the same outcome will not make all of the prospective intervenor's arguments." *Id.*  The motion to intervene argued that Shawnee would be unlikely to take the position that disparate treatment of students solely because they are transgender is barred by, among other laws, Title IX, because such an argument could expose Shawnee to liability.  Mot., Doc. 18, at PageID 500.  This has now been confirmed.  While Shawnee states generally that "[t]he nondiscrimination policies challenged by the Complaint are part of the University's obligations under Title IX and Title VII," Shawnee Mot. to Dismiss, Doc. 22, at PageID 578, it does not specifically argue that discrimination against transgender students violates Title IX.  Nor does it argue that Title IX requires professors to use pronouns consistent with transgender students' gender identity—despite Shawnee's own Title IX office having reached that exact conclusion.  Because Ms. Doe and SAGA will make this argument that the State has not made, the State's representation is inadequate.

Indeed, this case is virtually identical to *Grutter*.  In *Grutter*, the Sixth Circuit held that the

4

university's representation was inadequate because it would be unlikely to make an argument that the intervenors intended to make and would expose it to liability. 188 F.3d at 401 (university's representation was inadequate because it was "unlikely to present evidence of past discrimination by the University itself or of the disparate impact of some current admissions criteria"). Ms. Doe and SAGA advance the identical argument for inadequate representation here. Neither Shawnee nor Plaintiff even cites, much less attempts to distinguish, this portion of *Grutter*.

Further, Ms. Doe and SAGA may argue that the Equal Protection Clause or laws prohibiting disability discrimination require Plaintiff to be treated in accordance with her gender identity—again, an argument Shawnee has not yet made and is unlikely to make. Plaintiff's actions also implicate Ms. Doe's *own* right to keep her transgender status private. She should have the opportunity to assert this interest because it is *hers*, not Shawnee's. SAGA's transgender members should also be afforded that same opportunity.

Finally, the motion to intervene cited several cases, from both the Sixth Circuit and this District, in which courts have held that public entities do not adequately represent private entities because their arguments have a different focus. Mot., Doc. 18, at PageID 501. Neither Plaintiff nor Shawnee distinguishes these cases or cites any contrary authority.

### B. Ms. Doe and SAGA meet the standard for permissive intervention.

Alternatively, the Court should grant permissive intervention because Jane Doe and SAGA's defenses of Shawnee's policy share a "common question of law or fact" with the main action. Fed. R. Civ. P. 24(b)(1)(B). The "common question of law" is whether Plaintiff has the constitutional right to violate Shawnee's nondiscrimination policy. The "common question[s] of fact" are questions about the veracity of the allegations in the complaint that relate to Jane Doe herself. Plaintiff faults Ms. Doe and SAGA for failing to point to "specific facts" showing common

5

questions of fact, Pltf. Opp., Doc. 26, at PageID 606, but the dozens of "specific facts" in the complaint that are *about* Ms. Doe are more than sufficient to show common questions. *See Highland*, 2016 WL 4269080, at *2 (in lawsuit challenging policies intended to protect transgender students from discrimination, transgender student's claims "undoubtedly share common legal and factual questions with Plaintiff's claims"). Several courts have held that transgender students or organizations can permissibly intervene in suits addressing discrimination against those students. Mot., Doc. 18, at PageID 502-503. The Court should grant the same relief here.

Intervention would not cause undue delay, complication, or prejudice. If this case proceeds past the motion to dismiss stage, the parties are likely to demand that Ms. Doe be deposed anyway, so allowing her to participate in the litigation as a party rather than as a witness will not delay or complicate the case. Plaintiff points to the possibility that he may be "compelled to respond to multiple parties' different arguments," have to settle with multiple parties, and have to take additional discovery, Pltf. Opp., Doc. 26, at PageID 608, but the same could be said in every case in which intervention is sought. Plaintiff makes no allegations of *undue* delay, complication or prejudice beyond these boilerplate arguments.

### C. The Court Should Permit Ms. Doe and SAGA to Move to Dismiss.

Ms. Doe and SAGA do not seek to prolong this case in discovery; they believe this case does not require discovery and should be resolved on the pleadings. If granted the right to intervene, they should have the opportunity to file a motion to dismiss. Plaintiff argues that such a motion would introduce delay. Pltf. Opp., Doc. 26, at PageID 608. Ms. Doe and SAGA did not previously file a motion to dismiss out of a concern that it would be premature, given that the motion to intervene remained pending. But in view of Plaintiff's concern, Ms. Doe and SAGA are attaching a proposed motion to dismiss so that the Court may consolidate the briefing schedules

6

and argument so as to avoid duplicative work and delay.  *See* Ex. A.  Alternatively, if the Court denies intervention, Ms. Doe requests that the Court construe the proposed motion to dismiss as an amicus brief in support of the State's motion to dismiss.

Date: January 16, 2019

Respectfully Submitted,

/s/ Adam G. Unikowsky
Adam G. Unikowsky (admitted *pro hac vice*)
Michael E. Stewart
Jennifer J. Yun
JENNER & BLOCK LLP
1099 New York Avenue NW, Suite 900
Washington, DC 20001
(202) 639-6000 (tel)
(202) 639-6066 (fax)
aunikowsky@jenner.com

Jennifer L. Branch #0038893
Gerhardstein & Branch Co. LPA
441 Vine Street, Suite 3400
Cincinnati, OH 45202
(513) 621-9100 (tel)
(513) 345-5543 (fax)
Jbranch@gbfirm.com

Shannon P. Minter (admitted *pro hac vice*)
Asaf Orr (admitted *pro hac vice*)
Christopher F. Stoll (admitted *pro hac vice*)
NATIONAL CENTER FOR LESBIAN RIGHTS
870 Market Street Suite 370
San Francisco, California 94102
(415) 392-6257 (tel)
(415) 392-8442 (fax)
sminter@nclrights.org
aorr@nclrights.org
cstoll@nclrights.org

*Attorneys for JANE DOE and SEXUALITY AND GENDER ACCEPTANCE*

## **CERTIFICATE OF SERVICE**

    I hereby certify that on January 16, 2019, a copy of the foregoing pleading and exhibit was filed electronically. Notice of this filing will be sent to all parties for whom counsel has entered an appearance by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

                                                /s/ Asaf Orr
                                                Attorney for Defendant-Intervenors