# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | |
|---|---|
| NICHOLAS K. MERIWETHER,<br>    Plaintiffs, | Case No. 1:18-cv-753<br>Dlott, J.<br>Litkovitz, M.J. |
| vs. | |
| THE TRUSTEES OF SHAWNEE STATE UNIVERSITY, *et al.*,<br>    Defendants. | **ORDER** |

Plaintiff Nicholas K. Meriwether, a professor at Shawnee State University (Shawnee State), filed the complaint in this matter against members of the Board of Trustees of Shawnee State and several Shawnee State officials.[1] (Doc. 1). Jane Doe and Sexuality and Gender Acceptance (SAGA) have moved to intervene as defendants in the lawsuit (Doc. 18), and Jane Doe has filed a Motion to Proceed Pseudonymously and to Redact References to Her Name in the Complaint and Attached Exhibits (Doc. 19). This matter is before the Court on Jane Doe's motion (Doc. 19), plaintiff's response (Doc. 27), and Doe's reply (Doc. 29). Defendants have filed a response stating they support Doe's motion. (Doc. 25). On January 23, 2019, Doe also filed a motion to temporarily seal filings pending the resolution of her motion to proceed pseudonymously. (Doc. 30).

In support of her motion to proceed pseudonymously and redact her name from the filings in this matter, Doe asserts that she is the transgender student at the center of this lawsuit. (Doc. 19, ¶ 1). Doe alleges that her complaint to Shawnee State about plaintiff's "differential treatment of her because she is transgender precipitated the investigation and disciplinary action [against plaintiff by Shawnee State that] Meriwether alleges violate his legal rights." (*Id.*). Doe

---

[1] Plaintiff filed an amended complaint on January 28, 2019. (Doc. 31).

makes the following allegations relevant to this motion in her supporting memorandum and declaration in support of her motion (Doc. 19; Doc. 19-1, Doe Declaration):

Doe is a young transgender woman who has been living as a female in all aspects of her life for more than five years. Several years after beginning her transition, she enrolled at Shawnee State to restart her college education. Before she enrolled, she legally changed her name and corrected her identity documents to insure she could enroll as a female student and be treated as such. To date, she has generally kept her transgender status private and voluntarily disclosed it to only a few close friends and a couple of administrators at Shawnee State. During the 2018 spring semester, plaintiff "refus[ed] to use female honorifics and pronouns" when referring to Doe, which had the effect of "outing" her to her classmates as a transgender woman and caused her acute anxiety and emotional distress. Shawnee State's response to plaintiff's conduct and the 2018 summer break helped Doe to start to heal from the psychological distress she experienced during the spring 2018 semester. By using her name unnecessarily in the complaint and other publicly-filed documents without her consent, plaintiff has breached Doe's privacy, caused the psychological distress from the prior semester to resurface, and exposed Doe to an increased risk of discrimination, which is of particular concern because she is a renter in the Shawnee State area and will soon enter the job market. (Doc. 19 at 5-6; Doc. 19-1, Doe Declaration).

Doe argues that the applicable factors the Court must consider in deciding whether she can proceed pseudonymously justify granting her the relief she seeks. (Doc. 19, ¶ 2). She claims that first, her identity as transgender "is information of the utmost intimacy." (*Id*.). Second, she alleges that using a pseudonym would protect against "exacerbating the significant psychological distress she has already experienced" due to plaintiff's prior disclosures of her identity and

2

would reduce the risk that Doe will face discrimination when she enters the job market. (*Id.*). Third, Doe contends that requiring her to use her legal name in these proceedings would destroy "the privacy interest she seeks to vindicate via her intervention" in this lawsuit. (*Id.*). She contends that although her privacy has already been compromised by disclosure of her name in the complaint and attached exhibits, she is entitled to protection from further disclosure. (*Id.*, ¶ 3). Doe alleges that allowing her to proceed under a pseudonym will not prejudice any of the parties because they already know her identity, and she seeks to prevent further disclosure of her identity to the public. (*Id.*, ¶ 4). She contends that no public interest is served by revealing her name to the public. (*Id.*, ¶ 5).

In response, plaintiff argues that Doe has not shown that her interests substantially outweigh the presumption in favor of open judicial proceedings. (Doc. 27). Plaintiff asserts there is a strong presumption in favor of parties proceeding in their own names, and only in exceptional cases will the presumption not apply. Exceptional cases include those that involve matters of a highly sensitive and personal nature; circumstances that pose a real danger of physical harm; or a situation where the injury litigated against would be incurred as a result of disclosure of the party's identity. (*Id.* at 9-10). Plaintiff argues that Doe has not shown that her privacy interests substantially outweigh the presumption of open judicial proceedings here because (1) she is not challenging government activity, (2) she is not compelled to disclose information "of the utmost intimacy," (3) she faces no risk of prosecution or harm, and (4) she is not a child. (*Id.* at 10-20). Plaintiff further argues that he will be prejudiced if Doe is permitted to proceed in this matter using a pseudonym. (*Id.* at 20-23). Plaintiff alleges that failure to disclose Doe's identity could prevent witnesses from coming forward to support him. (*Id.* at 20-21). Plaintiff further contends that to allow Doe to level "serious charges of deliberate

misconduct, discrimination, or harassment" against plaintiff while remaining anonymous would create a serious imbalance between the two individuals, violate tenets of basic fairness, and place plaintiff at a disadvantage, particularly if Doe were permitted to intervene in this lawsuit. (*Id*. at 20-23).

As a general matter, litigating under a pseudonym is disfavored. *See* Fed. R. Civ. P. 10(a) ("The title of the complaint must name all of the parties. . . ."). However, the Court may exempt a party from identifying herself in certain circumstances where the individual's "privacy interests substantially outweigh the presumption of open judicial proceedings." *Doe v. Porter*, 370 F.3d 558, 560 (6th Cir. 2004). The decision to grant such a motion is within the sound discretion of the district court. *Id*. The Court's exercise of discretion is guided by consideration of the following factors: (1) whether the individual "seeking anonymity [is] suing to challenge governmental activity"; (2) whether pursuit of the lawsuit will compel the individual "to disclose information 'of the utmost intimacy'"; (3) "whether the litigation compels [the individual] to disclose an intention to violate the law, thereby risking criminal prosecution"; and (4) whether the individual is a child. *Id.* (quoting *Doe v. Stegall*, 653 F.2d 180, 185-86 (5th Cir. 1981)).

Several courts, including courts in the Sixth Circuit, "have held that an individual's transgender identity can carry enough of a social stigma to overcome the presumption in favor of disclosure." *Doe v. City of Detroit*, No. 18-cv-11295, 2018 WL 3434345, at *2 (E.D. Mich. July 17, 2018) (citing *Doe v. Blue Cross & Blue Shield of Rhode Island*, 794 F. Supp. 72, 72 (D.R.I. 1992); *Doe v. McConn*, 489 F. Supp. 76, 77 (S.D. Tex. 1980); *McClure v. Harris*, 503 F. Supp. 409, 412 (N.D. Cal. 1980), *rev'd sub nom. Schweiker v. McClure*, 456 U.S. 188 (1982)). *See also Bd. of Educ. of the Highland Loc. Sch. Dist. v. U.S. Dept. of Educ.*, No. 2:16-cv-524, 2016 WL 4269080, at *5 (S.D. Ohio Aug. 15, 2016). These decisions are relevant to Doe's motion.

4

In *City of Detroit*, the Court addressed whether prosecution of the case would require the plaintiff, Jane Doe, "to disclose information 'of the utmost intimacy,' and relatedly, whether exposure of her identity will risk injury." 2018 WL 3434345, at *2. The Court answered this question affirmatively. First, the Court rejected the defendant's argument that it could not possibly expose Doe as a transgender woman because she had already done so herself by legally changing her name and gender and "making it known and clear to all that she now identifies as a woman." *Id*. The Court found that although the plaintiff's employer and coworkers were necessarily aware that she had transitioned from male to female because her transition began after she started working for the City of Detroit, the general public was not necessarily aware that Doe was transgender. *Id*. The Court reasoned: "While she publicly identifies as female, the fact that she previously presented as male, and had a procedure to reassign her gender, certainly qualifies as information 'of the utmost intimacy.'" *Id*. (quoting *Stegall*, 653 F.2d at 186).

In addition, the Court found that Doe alleged specific instances of harm that had resulted from her transition and had expressed a justified fear of "'copycats' within and outside of her office who may harm her if they learn that she is transgender." *Id*. The Court took judicial notice of "the increased threat of violence to which transgender individuals are exposed." *Id*.

Finally, the Court concluded that the City would not be prejudiced in its defense of Doe's claims if she were permitted to proceed pseudonymously. *Id*., at *2-3. The Court noted that Doe did not object to defense counsel using her real name to obtain records or during depositions, so long as her true identity was redacted from records filed on the public docket. *Id*, at *3. The Court also rejected the defendant's position that it would be prejudiced in the "court of public opinion" if city employees were not able to defend themselves against accusations of misconduct without publicly identifying Doe. *Id*., n.1. The Court found that nothing precluded the City

5

from publicly defending itself without referencing Doe by her true identity, and the City was entitled to file its own motion for a protective order if it felt certain individuals or information should be shielded from the public. *Id.*

*In Highland Loc. Sch. Dist.*, the proposed intervenor was a transgender minor who alleged that the School District treated her differently than other girls, which led to her bullying and humiliation by teachers, staff and other students. 2016 WL 4269080, at *1. She sought to proceed pseudonymously as Jane Doe. The Court found that three of the four *Porter* factors were satisfied: Jane Doe was a minor; she sought to challenge a policy of the School District, a governmental entity, by intervening in the lawsuit; and prosecution of the lawsuit would require her to disclose information "of the utmost intimacy." *Id.*, at *5. The Court stated that "many courts [had] found [Jane Doe's] circumstances to be the kind in which a plaintiff would be required to disclose information 'of the utmost intimacy' throughout the course of litigation." *Id.* (citing *Doe v. United States*, No.16-cv-0640, 2016 WL 3476313, at *1 (S.D. Ill. June 27, 2016) (allowing minor plaintiff and his guardians to proceed anonymously and noting that a "number of district courts have found that transgendered plaintiffs may proceed anonymously because of the social stigma associated with non-conforming gender identities.")). The Court also noted that some courts "have allowed non-minor transgender plaintiffs to proceed anonymously due to the social stigma associated with their gender identity." *Id.* (citing *Blue Cross & Blue Shield of R.I.*, 794 F. Supp. at 72-73; *Doe v. Frank*, 951 F.2d 320, 324 (11th Cir. 1992); *Doe v. Rostker*, 89 F.R.D. 158, 161 (N.D. Cal. 1981)). The Court concluded that there were "compelling reasons to protect [Jane Doe's] privacy and shield her from discrimination and harassment, and no apparent prejudice to the other parties" in the case before it. *Id.*

The reasoning in these cases is persuasive and convinces the Court that the same result is warranted here. Doe's identity as a transgender woman is a matter "of the utmost intimacy." *Porter*, 370 F.3d at 560. The case law plaintiff cites to justify a contrary conclusion does not support his position under the circumstances presented by this case. (*See* Doc. 27 at 11-20).

Further, plaintiff's attempts to distinguish *City of Detroit* on this point are unavailing. Plaintiff argues that the Court's finding in *City of Detroit* that the plaintiff's transgender identity was information "of the utmost intimacy" is not controlling because Doe's transgender status is not a secret; Doe forfeited her right to privacy by "put[ting] [her] private information at issue," which plaintiff alleges she did prior to this lawsuit when Doe insisted that plaintiff refer to her as a woman and accused him of violating federal law; *City of Detroit* based its finding regarding a social stigma on cases from the 1980's and 1990's and society has changed greatly since then; Doe's concern about the disclosure of her medical information is unfounded because such information is not material to this case and can be protected if necessary; and the plaintiff in *City of Detroit* satisfied two other *Porter* factors, which Doe does not. (*Id*. at 12-15). The distinctions plaintiff attempts to draw either do not exist or are not material. First, the Court in *City of Detroit* actually addressed the fact that the Jane Doe plaintiff's transgender identity was not a complete secret. The Court found that even though some of the plaintiff's work associates necessarily knew that she had transitioned from male to female, the general public was not aware of this fact. *City of Detroit*, 2018 WL 3434345, at *2. The Court found that her transgender identity nonetheless "certainly qualifies as information 'of the utmost intimacy.'" *Id*. (citing *Stegall*, 653 F.2d at 186). Further, while the Court in *City of Detroit* relied on some cases from earlier decades to support its decision, the Court issued its decision and recognized the social stigma associated with transgender identity, and the increased threat of violence to which

7

transgender individuals are exposed, in 2018. Its findings are timely and are relevant to this case.

Further, although Doe does not allege that all of the *Porter* factors are satisfied here, the Court finds it is sufficient that the information Doe seeks to protect is "of the utmost intimacy" and that there continues to be a serious social stigma associated with transgender identity with the potential for harmful repercussions. Moreover, there are additional factors that weigh in favor of protecting Doe's identity that were not present in *City of Detroit*. First, plaintiff in this case identified Doe in the public record without her consent, even though she is not named as a party to the lawsuit. Second, Doe has raised an additional confidentiality concern here. She alleges that plaintiff has released educational records which contain her "personally identifiable information," without her prior written consent, in violation of the Family Educational Rights and Privacy Act of 1974 (FERPA) and its implementing regulations. (Doc. 29 at 9, citing 34 C.F.R. § 99.30(a)-(b)).

Considering the relevant factors in the context of the record as a whole, the Court finds that Doe's "privacy interests substantially outweigh the presumption of open judicial proceedings." *Porter*, 370 F.3d at 560; *City of Detroit*, 2018 WL 3434345, at *2. Like the defendant in *City of Detroit*, plaintiff has not shown that he will be prejudiced in the "court of public opinion" or in his ability to prosecute this lawsuit if Doe is permitted to proceed pseudonymously. The Court therefore exercises its discretion to grant Doe's motion.

**IT IS THEREFORE ORDERED THAT:**

1. Jane Doe's Motion to Proceed Pseudonymously and to Redact References to Her Name in the Complaint and Attached Exhibits (Doc. 19) is **GRANTED**.

8

2. Jane Doe's motion to temporarily seal filings pending the resolution of her motion to proceed pseudonymously (Doc. 30) is **DENIED** as moot.

3. Plaintiff shall refile the complaint and exhibits (Doc. 1), the amended complaint and exhibits (Doc. 31), and his response to Doe's motion to proceed pseudonymously (Doc. 27) with Jane Doe's true name redacted.

4. The Clerk is **DIRECTED** to place the complaint and attached exhibits (Doc. 1), the amended complaint and exhibits (Doc. 31), and plaintiff's response to Doe's motion to proceed pseudonymously (Doc. 27) under seal and to substitute the redacted documents once they are refiled by plaintiff in compliance with this Order. The redacted documents shall be filed on the public docket.

Date: <u>January 30, 2019</u>                                             <u>s/ Karen L. Litkovitz</u>
                                                                          Karen L. Litkovitz
                                                                          United States Magistrate Judge