UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| **Nicholas K. Meriwether,** | ) | Case No.: 1:18-cv-00753-SJD-KLL |
| | ) | |
| Plaintiff, | ) | District Judge Susan J. Dlott |
| | ) | |
| -v- | ) | |
| | ) | |
| **Trustees of Shawnee State University, et al.** | ) | |
| | ) | |
| Defendants. | ) | |

**JOINT DISCOVERY PLAN PURSUANT TO FED. R. CIV. P. 26(f)**

All parties to this case, by and through their respective counsel, jointly submit this Joint Discovery Plan pursuant to Fed. R. Civ. P. 26(f) and pursuant to the Court's Pretrial Procedure Outline. The parties held their discovery conference on August 17, 2021.

**A.   MAGISTRATE CONSENT**

The parties:

☐   Unanimously consent to the jurisdiction of the United States Magistrate Judge under 28 U.S.C. § 636(c).

☒   Do not unanimously consent to the jurisdiction of the United States Magistrate Judge under 28 U.S.C. 636(c).

☐   Unanimously consent to the jurisdiction of the United States Magistrate Judge under 28 U.S.C. § 636(c) solely for purposes of deciding the following pretrial motions dispositive motions: _____
_____
_____

☐   Unanimously give contingent consent to the jurisdiction of the United States Magistrate Judge under 28 U.S.C. § 636(c) for trial

purposes only if the District Judge assigned is unavailable on the date set for trial (e.g., because of other trial settings, civil or criminal).

## B. RULE 26(A) DISCLOSURES

☐ The parties have exchanged pre-discovery disclosures required by Rule 26(A)(1).

☒ The parties will exchange such disclosures by September 23, 2021. The purpose of delay is to allow filing of Answers and settlement discussion.

☐ The parties are exempt from disclosures under Rule 26(a)(1)(E).

**NOTE**: Rule 26(a) disclosures are **NOT** to be filed with the Court.

## C. DISCOVERY ISSUES AND DATES

**1.** Describe the subjects on which discovery is to be sought and the nature, extent and scope of discovery that each party needs to: (1) make a settlement evaluation, (2) prepare for case dispositive motions, and (3) prepare for trial:

The parties will engage in written discovery and depositions.

The parties will conduct discovery on all of the remaining claims raised in the Amended Complaint. This discovery will include, but not be limited to, the circumstances surrounding Plaintiff and Jane Doe's in-class interactions, Plaintiff's requests for clarification of the policy and an exemption from the policy, Shawnee State University's responses, and the disciplinary proceedings that followed. Discovery will also focus on Plaintiff's interests in obtaining an exemption from the policy and Shawnee State's interest in maintaining the policy. Discovery will also include whether Shawnee State and its agents' response to Plaintiff's exemption request and later discipline of Plaintiff were neutral or grounded in religious hostility.

**2.** **Discovery of Electronically Stored Information**. The parties have discussed disclosure, discovery, and preservation of electronically stored information, including the form or forms in which it should be produced.

☒ Yes
☐ No

    **i.** The parties have electronically stored information in the following formats:

Plaintiff and Shawnee State are both aware of e-mails and other electronic documents in their possession, custody or control that are potentially relevant.  Plaintiff and Shawnee State have both sent litigation hold notices seeking preservation of this material.  Jane Doe and Sexuality and Gender Acceptance are not currently aware of any potentially relevant electronically stored information in their possession, custody or control, but are undertaking efforts to confirm that and will preserve any electronically storied information, if any such information is identified.

    **ii.** The case presents the following issues relating to disclosure, discovery, or preservation of electronically stored information, including the form or forms in which it should be produced:

Electronically stored information will be produced in native, searchable format to the extent this is practicable.

**3.** **Claims of Privilege or Protection**. The parties have discussed issues regarding the protection of information by a privilege or the work- product doctrine, including whether the parties agree to a procedure to assert these claims after production or have any other agreements under Fed. R. Evid. 502.

☒ Yes
☐ No

    **i.** The case presents the following issues relating to claims of privilege or of protection as trial preparation materials:

Jane Doe's name shall be redacted from all trial preparation materials, consistent with the Court's January 30, 2019 Order (Doc. 32).  If the need arises in the future, the parties shall meet and confer to discuss additional safeguards that may need to be implemented to ensure Jane Doe's anonymity.

    **ii.** Have the parties agreed on a procedure to assert such claims AFTER production?

        ☒ Yes

☐ No
☐ Yes, and the parties ask that the Court include the following agreement in the scheduling order:

<u>The Parties have generally agreed to a claw back procedure, that they will include in their proposed Protective Order (to be submitted in accordance with this report.)</u>

**4.** The parties recommend that discovery

☒ Need not be bifurcated.

☐ Should be bifurcated between liability and damages.

☐ Should be bifurcated between factual and expert.

☐ Should be limited to or focused upon issues relating to _____.

**5.** Disclosure and report of Plaintiff(s) expert(s) by <u>March 1, 2022</u>.

**6.** Disclosure and report by Defendant(s) expert(s) by <u>April 1, 2022</u>.

**7.** Disclosure and report of rebuttal expert(s) by <u>May 1, 2022</u>.

**8.** Disclosure of non-expert (fact) witnesses by <u>December 1, 2021</u>.

**9.** Discovery cut-off <u>May 31, 2022</u>.

**10.** Anticipated discovery problems

☐ _____

☒ None

**D. <u>LIMITATIONS ON DISCOVERY</u>**

**1.** Change in the limitations on discovery

☐ Increase the amount of time (currently 1 day of 7 hours) permitted in which to complete depositions to _____.

- 4 -

    ☐  Increase the number of depositions (currently 10) permitted to _____.

    ☐  Increase the number of interrogatories (currently 25) permitted to \_\_ _____.

    ☒  None.

**E.**  **PROTECTIVE ORDER**

  ☒  A protective order will be submitted to the Court on or before <u>August 31, 2021</u>.

  ☐  The parties currently do not anticipate the need for a protective order. If the parties subsequently deem that one is necessary, they will submit a joint proposed order to the Court. Such order will comply with *Procter & Gamble Co. v. Bankers Trust Co.*, 78 F.3d 219 (6th Cir. 1996) and its progeny.

**F.**  **SETTLEMENT**

A settlement demand ☒ has or ☐ has not been made.

A response to the demand ☐ has or ☒ has not been made.

A demand can be made by_____.

A response can be made by <u>August 31, 2021</u>.

**G.**  **MOTION DEADLINES**

  **1.**  Motion to amend the pleadings and/or add parties by <u>October 1, 2021</u>.

  **2.**  Motions related to the pleadings by <u>November 1, 2021</u>.

  **3.**  Dispositive motions by <u>July 15, 2022</u>.

**H.**  **OTHER MATTERS**

<u>Shawnee State and Jane Doe will file Answers (or otherwise respond) to the Amended Complaint on or before September 16, 2021.</u>

<u>Shawnee State moved to dismiss all claims against the Trustee Defendants and Jennifer Pauley. (*See* Doc. 36 at 7-8.) Shawnee State moved to dismiss Counts 8 and 9 of the Amended Complaint. (*Id.* at 18-20.) The Court did not rule on these issues, as the case was dismissed on other grounds. These issues have been fully briefed, and the parties respectfully request a ruling on these issues. However, the parties will be able to conduct discovery before these issues are resolved. (Jane Doe and Sexuality and Gender Acceptance have no remaining open arguments in their motion to dismiss.)</u>

<u>Plaintiff agrees to provide to Shawnee State a summary of the number of attorney hours and other expenses incurred to date on or before August 31, 2021 and then on a quarterly basis thereafter.</u>

Respectfully and jointly submitted,

/s/ *Tyson C. Langhofer*
TYSON C. LANGHOFER*
Virginia Bar No. 95204
ALLIANCE DEFENDING FREEDOM
20116 Ashbrook Place, Ste. 250
Ashburn, Virgnia 20147
Telephone: (571) 707–4655
Facsimile: (571) 707–4656
tlanghofer@ADFlegal.org


DAVID A. CORTMAN*
Georgia Bar No. 188810
ALLIANCE DEFENDING FREEDOM
1000 Hurricane Shoals Rd. NE, Ste. D-1100
Lawrenceville, Georgia 30043
Telephone: (770) 339–0774
Facsimile: (770) 339–6744
dcortman@ADFlegal.org


THOMAS W. KIDD, JR.
Ohio Bar No. 0066359
KIDD & URLING, LLC 8913
Cincinnati-Dayton Road West Chester, Ohio 45069
Telephone: (513) 733–3080
Facsimile: (513) 577–7393
tkidd@kiddurlinglaw.com

*Counsel for Plaintiff, Nicholas K. Meriwether*

* Admitted *pro hac vice*

/s/ *Benjamin G. Stewart*
Benjamin G. Stewart (0082638)
Paul R. Kerridge (0092701)
Taylor M. Beckham (0100174)
KEATING MUETHING & KLEKAMP PLL
One East Fourth Street, Suite 1400
Cincinnati, OH 45202
Tel: (513) 579-6400
Fax: (513) 579-6457
bgstewart@kmklaw.com
pkerridge@kmklaw.com
tbeckham@kmklaw.com

*Counsel for Defendants, The Trustees of Shawnee State University et al.*

/s/ Adam G. Unikowsky
Adam G. Unikowsky
JENNER & BLOCK LLP
1099 New York Avenue NW, Suite 900
Washington, DC 20001
Tel: (202) 639-6000
Fax: (202) 639-6066
aunikowsky@jenner.com

Alphonse A. Gerhardstein (0032053)
FRIEDMAN, GILBERT +
GERHARDSTEIN
441 Vine Street, Suite 3400
Cincinnati, Ohio 45202
Tel: (513) 621-9100
Fax: (513) 345-5543
al@FGGfirm.com

Shannon P. Minter
Asaf Orr
Christopher F. Stoll
NATIONAL CENTER FOR LESBIAN
RIGHTS
870 Market Street Suite 370
San Francisco, California 94102
Tel: (415) 392-6257
Fax: (415) 392-8442
sminter@nclrights.org
aorr@nclrights.org
cstoll@nclrights.org

*Counsel for Intervenor-Defendants Jane Doe and Sexuality and Gender Acceptance*

## CERTIFICATE OF SERVICE

I certify that on August 19, 2021 I electronically filed the foregoing using the Court's CM/ECF system. Electronic notification will be sent to all attorneys of record by operation of the Court's electronic filing system.

/s/ Benjamin G. Stewart

11051885