# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| NICHOLAS K. MERIWETHER, | |
| *Plaintiff*, | Case No. 1:18-cv-753 |
| v. | Judge Susan J. Dlott |
| FRANCESCA HARTOP, et al., | Magistrate Judge Karen L. Lefkowitz |
| *Defendants* | |
| and | |
| JANE DOE and SEXUALITY AND GENDER ACCEPTANCE, | |
| *Defendant-Intervenors.* | |

## ANSWER

Defendant-Intervenors Jane Doe and Sexuality and Gender Acceptance ("SAGA") (collectively, "Intervenors"), hereby respond to the First Amended Verified Complaint ("Complaint") of Plaintiff Nicholas K. Meriwether ("Plaintiff"). Intervenors deny each and every allegation, averment, statement, and/or assertion of the Complaint not specifically admitted herein.

## INTRODUCTION

1. Intervenors deny, or lack knowledge or information sufficient to form a belief about the truth of, the allegations of Paragraphs 1-5 of the Complaint.

## JURISDICTION AND VENUE

2. Intervenors admit the jurisdictional and venue allegations of Paragraphs 6-10 of the Complaint.

### PLAINITFF

3. With respect to Paragraph 11 of the Complaint, Intervenors admit that Plaintiff is a professor at the University. Intervenors lack knowledge or information sufficient to form a belief about Plaintiff's state of residence.

### DEFENDANTS

4. Intervenors lack knowledge or information sufficient to form a belief about the truth of the allegations of Paragraphs 12-52 of the Complaint.

### FACTUAL ALLEGATIONS

5. Intervenors deny the allegations of Paragraphs 196, 199, 202, 204, and 285-375 of the Complaint.

6. Intervenors lack knowledge or information sufficient to form a belief about the truth of the allegations of Paragraphs 53-127, 132-139, 145-151, 153-154, 158, 160-161, 163-164, 167-171, 173-175, 184-195, 197-198, 200-201, 203, 205-273, 276-284 of the Complaint.

### FACTUAL ALLEGATIONS SPECIFICALLY RELATED TO INTERVENORS

7. Intervenors admit the allegations of Paragraph 128 of the Complaint.

8. Intervenors admit the allegations of Paragraph 129 of the Complaint.

9. Intervenors deny the allegations of Paragraph 130 of the Complaint.

10. Intervenors deny the allegations of Paragraph 131 of the Complaint, including Plaintiff's use of the inaccurate pronoun "he" to refer to Ms. Doe in this Paragraph.

11. With respect to the allegations of Paragraph 140 of the Complaint, Intervenors admit that Ms. Doe conversed with Plaintiff after the class, and otherwise deny the allegations of this Paragraph, including Plaintiff's use of the inaccurate pronouns "he" and "him" to refer to Ms. Doe in this Paragraph.

12. With respect to the allegations of Paragraph 141 of the Complaint, Intervenors admit that Plaintiff refused to refer to Ms. Doe using female pronouns and honorifics, and otherwise deny the allegations of this Paragraph.

13. Intervenors deny the allegations of Paragraph 142 of the Complaint.

14. Intervenors deny the allegations of Paragraph 143 of the Complaint.

15. Intervenors deny the allegations of Paragraph 144 of the Complaint.

16. With respect to the allegations of Paragraph 152 of the Complaint, Intervenors admit that Ms. Doe met with Defendant Shoemaker, and otherwise lack knowledge or information sufficient to form a belief about the truth of the allegations of this Paragraph.

17. Intervenors deny the allegations of Paragraph 155 of the Complaint.

18. Intervenors deny the allegations of Paragraph 156 of the Complaint.

19. With respect to the allegations of Paragraph 157 of the complaint, Intervenors lack knowledge or information sufficient to form a belief about the truth of the allegations of this Paragraph, except that Intervenors deny that Plaintiff's use of the inaccurate pronoun "him" accurately refers to Ms. Doe in this Paragraph.

20. With respect to the allegations of Paragraph 159 of the Complaint, Intervenors admit that Ms. Doe attended Plaintiff's class subsequent to January 9, 2018, and otherwise deny the allegations of this Paragraph.

21. With respect to the allegations of Paragraph 162 of the complaint, Intervenors lack knowledge or information sufficient to form a belief about the truth of the allegations of this Paragraph, except that Intervenors deny that Plaintiff's use of the inaccurate pronoun "his" accurately refers to Ms. Doe in this Paragraph.

22. Intervenors deny the allegations of Paragraph 165 of the Complaint.

23. Intervenors admit that a conversation occurred between Ms. Doe and Defendant Pierce, and otherwise deny the allegations of Paragraph 166 of the Complaint, including Plaintiff's use of the inaccurate pronoun "his" to refer to Ms. Doe in this Paragraph.

24. With respect to the allegations of Paragraph 172 of the complaint, Intervenors lack knowledge or information sufficient to form a belief about the truth of the allegations of this Paragraph, except that Intervenors deny that Plaintiff's use of the inaccurate pronoun "he" accurately refers to Ms. Doe in this Paragraph.

25. Intervenors admit the allegations of Paragraph 176 of the Complaint.

26. Intervenors deny the allegations of Paragraph 177 of the Complaint, including Plaintiff's use of the inaccurate pronoun "him" to refer to Ms. Doe in this Paragraph.

27. Intervenors deny the allegations of Paragraph 178 of the Complaint, including Plaintiff's use of the inaccurate pronoun "his" to refer to Ms. Doe in this Paragraph.

28. Intervenors deny the allegations of Paragraph 179 of the Complaint, including Plaintiff's use of the inaccurate pronoun "his" to refer to Ms. Doe in this Paragraph.

29. Intervenors deny the allegations of Paragraph 180 of the Complaint.

30. Intervenors deny the allegations of Paragraph 181 of the Complaint.

31. With respect to the allegations of Paragraph 182 of the complaint, Intervenors lack knowledge or information sufficient to form a belief about the truth of the allegations of this Paragraph, except that Intervenors deny that Plaintiff's use of the inaccurate pronoun "his" accurately refers to Ms. Doe in this Paragraph.

32. Intervenors deny the allegations of Paragraph 183 of the Complaint.

33. Intervenors deny the allegations of Paragraph 274 of the Complaint, including Plaintiff's use of the inaccurate pronoun "him" to refer to Ms. Doe in this Paragraph.

34. Intervenors deny the allegations of Paragraph 275 of the Complaint, including Plaintiff's use of the inaccurate pronoun "his" to refer to Ms. Doe in this Paragraph.

**ADDITIONAL ALLEGATIONS**

35. Ms. Doe is the student described throughout Plaintiff's Complaint.

36. Ms. Doe is a transgender woman. She has obtained a legal name change and is identified as female on her Ohio driver's license. At Shawnee, she is listed as female in her student records and is treated as a female student in all respects.

37. The Complaint inaccurately refers to Ms. Doe as "he" and "him" throughout its allegations.

38. Ms. Doe enrolled in Plaintiff's class in the spring 2018 semester because of her interest in the subject matter and to fulfill a graduation requirement.

39. Plaintiff refused to refer to Ms. Doe using female honorifics after Ms. Doe informed him that she was female on January 9, 2018, and referred to Ms. Doe using male honorifics and pronouns during class thereafter.

40. Ms. Doe experienced significant distress and emotional exhaustion, and her gender dysphoria was exacerbated, by Plaintiff's conduct.

41. SAGA is a student-led organization at Shawnee State University founded in 2009.

42. SAGA has approximately twenty members, including approximately seven transgender members. Jane Doe was a member of SAGA.

43. SAGA is dedicated to promoting diversity and understanding by giving a voice to the LGBTQ students at Shawnee. SAGA hosts a variety of educational programs and social activities on campus to further the organization's mission and foster a safe and welcoming learning environment for all students, including LGBTQ students.

44. SAGA also meets with administrators at Shawnee to discuss issues on campus that affect LGBTQ students, and advocates for Shawnee to adopt policies that protect LGBTQ students from discrimination and promote a safe and welcoming learning environment on campus.

45. In January 2018, Ms. Doe informed SAGA of her interactions with Plaintiff and his refusal to treat her like all other female students in his class.

46. After hearing about Ms. Doe's experience in Plaintiff's class, SAGA members met with University staff to express concern that transgender students were being mistreated by Plaintiff.

47. SAGA's transgender members are unwilling to take classes with Plaintiff, or any other professor who will single out or mistreat them because they are transgender. That has limited the number of classes available to transgender students.

## DEMAND FOR JURY TRIAL

48. To the extent that Plaintiff's jury trial demand requires an answer, Intervenors admit that Plaintiff demands a trial by jury, but deny that there are any issues triable by jury.

## DEFENSES AND AFFIRMATIVE DEFENSES

As and for its defenses and affirmative defenses, Intervenors allege:

1. Plaintiff has failed to state a claim upon which relief can be granted.

2. Intervenors reserve the right to supplement or amend this Answer, including through the addition of further affirmative defenses, based upon the course of discovery and proceedings in this Action.

## PRAYER FOR RELIEF

WHEREFORE, having fully answered the Complaint, Intervenors respectfully request that the Court:

A. Enter an order dismissing the Complaint and each and every claim and count thereof with prejudice;

B. Enter judgment in favor of Defendants and Defendant-Intervenors on Plaintiff's Complaint and each and every claim thereof; and

C. Grant Defendant-Intervenors such other and further relief as the Court deems just and proper, including but not limited to attorney's fees and costs.

Dated: September 16, 2021

Respectfully submitted,

/s/ Alphonse A. Gerhardstein
Alphonse A. Gerhardstein
Friedman, Gilbert + Gerhardstein
441 Vine Street, Suite 3400
Cincinnati, OH 45202
(513) 572-4200
al@fggfirm.com

Adam G. Unikowsky (*pro hac vice*)
JENNER & BLOCK LLP
1099 New York Avenue, NW
Suite 900
Washington, DC 20001
(202) 639-6000 (tel)
aunikowsky@jenner.com

Shannon P. Minter (*pro hac vic*)
Asaf Orr (*pro hac vice*)
Christopher F. Stoll (*pro hac vice*)
NATIONAL CENTER FOR LESBIAN RIGHTS
870 Market Street Suite 370
San Francisco, California 94102
(415) 392-6257 (tel)
(415) 392-8442 (fax)
sminter@nclrights.org
aorr@nclrights.org
cstoll@nclrights.org

*Attorneys for JANE DOE and SEXUALITY AND GENDER ACCEPTANCE*

7

## **CERTIFICATE OF SERVICE**

      I hereby certify that on September 16, 2021 a copy of the foregoing pleading was filed electronically. Notice of this filing will be sent to all parties for whom counsel has entered an appearance by operation of the Court's electronic filing system. Parties may access this filing through the Court's system. I further certify that a copy of the foregoing pleading and the Notice of Electronic Filing has been served by ordinary U.S. mail upon all parties for whom counsel has not yet entered an appearance electronically.

                                                   s/ Alphonse A. Gerhardstein
                                                   *Attorney for Defendant-Intervenors*