**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | | |
|---|---|---|
| **Nicholas K. Meriwether,** | ) | Case No.: 1:18-cv-00753-SJD-KLL |
| | ) | |
| Plaintiff, | ) | District Judge Susan J. Dlott |
| | ) | |
| -v- | ) | Magistrate Judge Karen L. Litkovitz |
| | ) | |
| **Trustees of Shawnee State University, et al.** | ) | |
| | ) | |
| Defendants. | ) | |

---

### ANSWER AND AFFIRMATIVE DEFENSES

---

Now come Defendants, the Trustees of Shawnee State University et al. (the "Shawnee State Defendants"), by and through undersigned counsel, and hereby file their Answer and Affirmative Defenses to Plaintiff's First Amended Verified Complaint (D.I. 34) (the "Amended Complaint") as follows.

All claims asserted against Francesca Hartop, Joseph Watson, Scott Williams, David Furbee, Sondra Hash, Robert Howarth, George White, Wallace Edwards and Dr. Jennifer Pauley are the subject of a pending Motion to Dismiss (D.I. 36), and therefore no response by those defendants is required at this time. To the extent a response is required, these Defendants join the responses contained below.

1. The allegations contained in Paragraph 1 of the Amended Complaint are a statement of opinion to which no response is required. To the extent the paragraph contains any factual allegations or if a response is otherwise required, the Shawnee State Defendants deny the allegations.

2.      The Shawnee State Defendants admit that Plaintiff is a philosophy professor at Shawnee State.   The Shawnee State Defendants otherwise lack knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in Paragraph 2 of the Amended Complaint, and therefore deny them.

3.      The Shawnee State Defendants deny the allegations contained in the first and third sentences of Paragraph 3 of the Amended Complaint.   The Shawnee State Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in Paragraph 3 of the Amended Complaint, and therefore deny them.

4.      The Shawnee State Defendants deny the allegations contained in Paragraph 4 of the Amended Complaint.

5.      The Shawnee State Defendants deny the allegations contained in Paragraph 5 of the Amended Complaint.

## Jurisdiction and Venue

6.      The Shawnee State Defendants admit the allegations contained in Paragraph 6 of the Amended Complaint.

7.      The Shawnee State Defendants admit the allegations contained in Paragraph 7 of the Amended Complaint.

8.      The Shawnee State Defendants admit the allegations contained in Paragraph 8 of the Amended Complaint, except to the extent that the United State Court of Appeals for the Sixth Circuit has affirmed the ruling of this Court that Plaintiff is not entitled to some of the relief that he seeks.

9.      The state law claims referred to in Paragraph 9 of the Amended Complaint are the subject of a pending Motion to Dismiss (D.I. 36), and therefore no response is required at this time.

To the extent a response is required, the Shawnee State Defendants deny the allegations in Paragraph 9 of the Amended Complaint.

10.      The Shawnee State Defendants admit the allegations contained in Paragraph 10 of the Amended Complaint.

### Parties

11.      The Shawnee State Defendants admit the allegations contained in Paragraph 11 of the Amended Complaint.

12.      The powers and authority of the trustees of Shawnee State are set forth in Ohio Revised Code 3362.  To the extent the allegations contained in Paragraph 12 of the Amended Complaint are inconsistent with those statutes, the Shawnee State Defendants deny them.

13.      The powers and authority of the trustees of Shawnee State are set forth in Ohio Revised Code 3362.  To the extent the allegations contained in Paragraph 13 of the Amended Complaint are inconsistent with those statutes, the Shawnee State Defendants deny them.

14.      The Shawnee State Defendants deny the allegations contained in Paragraph 14 of the Amended Complaint.

15.      The Shawnee State Defendants admit the allegations contained in Paragraph 15 of the Amended Complaint.

16.      The Shawnee State Defendants deny the allegations contained in Paragraph 16 of the Amended Complaint.

17.      The Shawnee State Defendants deny the allegations contained in Paragraph 17 of the Amended Complaint.

18.      The Shawnee State Defendants deny the allegations contained in Paragraph 18 of the Amended Complaint.

19.     The Shawnee State Defendants admit that the allegations contained in Paragraph 19 of the Amended Complaint were true at the time Plaintiff filed the Amended Complaint. Answering further, Defendant Bauer is now the President of Shawnee State.

20.     The Shawnee State Defendants admit the allegations contained in Paragraph 20 of the Amended Complaint.

21.     The Shawnee State Defendants admit that the allegations contained in Paragraph 21 of the Amended Complaint were true at the time Plaintiff filed the Amended Complaint. Answering further, Defendant Bauer is now the President of Shawnee State.

22.     The Shawnee State Defendants deny the allegations contained in Paragraph 22 of the Amended Complaint.

23.     The Shawnee State Defendants deny the allegation that the President of Shawnee State has the duty to authorize policies governing faculty members. The Shawnee State Defendants otherwise admit that the allegation contained in Paragraph 23 of the Amended Complaint.

24.     The Shawnee State Defendants deny the allegations contained in Paragraph 24 of the Amended Complaint.

25.     The Shawnee State Defendants deny the allegations contained in Paragraph 25 of the Amended Complaint.

26.     The Shawnee State Defendants deny the allegations contained in Paragraph 26 of the Amended Complaint.

27.     The Shawnee State Defendants deny that the President of Shawnee State has authority to discipline unionized faculty members such as Plaintiff. The Shawnee State

Defendants do not understand the remaining allegations contained in Paragraph 27 of the Amended Complaint, and on that basis deny them

28.     The Shawnee State Defendants deny the allegations contained in Paragraph 28 of the Amended Complaint.

29.     The Shawnee State Defendants deny the allegations contained in Paragraph 29 of the Amended Complaint.

30.     The Shawnee State Defendants deny the allegations contained in Paragraph 30 of the Amended Complaint.

31.     The Shawnee State Defendants deny the allegations contained in Paragraph 31 of the Amended Complaint.

32.     The Shawnee State Defendants admit that Defendant Milliken was the Acting Dean of the College of Arts and Sciences at Shawnee State from July 1, 2016 through June 30, 2018, but otherwise deny the allegations contained in Paragraph 32 of the Amended Complaint. Answering further, on July 1, 2018, Dean Milliken became the Dean of the College of Arts and Sciences.

33.     The Shawnee State Defendants deny the allegations contained in Paragraph 33 of the Amended Complaint.

34.     The Shawnee State Defendants admit that the allegations contained in Paragraph 34 of the Amended Complaint were true at the time Plaintiff filed the Amended Complaint. Answering further, Defendant Milliken is no longer an employee of Shawnee State.

35.     The Shawnee State Defendants do not understand the allegations contained in Paragraph 35 of the Amended Complaint, and on that basis deny them.

36.     The Shawnee State Defendants admit that the allegations contained in Paragraph 36 of the Amended Complaint were true at the time Plaintiff filed the Amended Complaint. Answering further, Defendant Pauley is no longer Chair of the Department of English and Humanities at Shawnee State.

37.     The Shawnee State Defendants deny the allegations contained in Paragraph 37 of the Amended Complaint.

38.     The Shawnee State Defendants deny the allegations contained in Paragraph 38 of the Amended Complaint.

39.     The Shawnee State Defendants deny the allegations contained in Paragraph 39 of the Amended Complaint.

40.     The Shawnee State Defendants deny the allegations contained in Paragraph 40 of the Amended Complaint.

41.     The Shawnee State Defendants deny the allegations contained in Paragraph 41 of the Amended Complaint.

42.     The Shawnee State Defendants deny the allegations contained in Paragraph 42 of the Amended Complaint.

43.     The Shawnee State Defendants deny the allegations contained in Paragraph 43 of the Amended Complaint.

44.     The Shawnee State Defendants admit the allegations contained in Paragraph 44 of the Amended Complaint.  Answering further, Defendant Johnson also is and has been the Human Resources Director.

45.     The Shawnee State Defendants deny the allegations contained in Paragraph 45 of the Amended Complaint.

46.     The Shawnee State Defendants do not understand the allegations contained in Paragraph 46 of the Amended Complaint, and on that basis deny them.

47.     The Shawnee State Defendants deny the allegations contained in Paragraph 47 of the Amended Complaint.

48.     The Shawnee State Defendants deny the allegations contained in Paragraph 48 of the Amended Complaint.

49.     The Shawnee State Defendants deny the allegations contained in Paragraph 49 of the Amended Complaint.

50.     The Shawnee State Defendants deny the allegations contained in Paragraph 50 of the Amended Complaint.

51.     The Shawnee State Defendants do not understand the allegations contained in Paragraph 51 of the Amended Complaint, and on that basis deny them.

52.     Paragraph 52 of the Amended Complaint contains only a legal conclusion for which no response is required.

### Factual Allegations

53.     The Shawnee State Defendants admit the allegations contained in Paragraph 53 of the Amended Complaint.

54.     The Shawnee State Defendants admit the allegations contained in Paragraph 54 of the Amended Complaint.

55.     The Shawnee State Defendants deny the allegations contained in Paragraph 55 of the Amended Complaint.

56.     Paragraph 56 of the Amended Complaint contains only a legal conclusion for which no response is required.  To the extent any response is required, the Shawnee State Defendants deny the allegations contained in Paragraph 56 of the Amended Complaint.

57.     Paragraph 57 of the Amended Complaint contains only a legal conclusion for which no response is required.  To the extent any response is required, the Shawnee State Defendants denies the allegations contained in Paragraph 57 of the Amended Complaint.

58.     The Shawnee State Defendants deny the allegations contained in Paragraph 58 of the Amended Complaint.

59.     The Shawnee State Defendants deny the allegations contained in Paragraph 59 of the Amended Complaint.

60.     The Shawnee State Defendants admit that the document attached to the Amended Complaint as Exhibit 2 was approved by the Shawnee State President, and otherwise deny the allegations contained in Paragraph 60 of the Amended Complaint.  Answering further, the document attached to the Amended Complaint as Exhibit 2 is a procedure.

61.     The Shawnee State Defendants admit that Paragraph 61 of the Amended Complaint quotes the referenced procedure that was in place at the time the Amended Complaint was filed. The Shawnee State Defendants refer to the complete procedure, which is attached to the Amended Complaint, and deny any characterization that is inconsistent with the complete procedure. Answering further, the procedure was amended after the Amended Complaint was filed.

62.     The Shawnee State Defendants admit that Paragraph 62 of the Amended Complaint quotes the referenced procedure that was in place at the time the Amended Complaint was filed. The Shawnee State Defendants refer to the complete procedure, which is attached to the Amended

Complaint, and deny any characterization that is inconsistent with the complete procedure. Answering further, the procedure was amended after the Amended Complaint was filed.

63.     The Shawnee State Defendants admit that Paragraph 63 of the Amended Complaint quotes the referenced procedure that was in place at the time the Amended Complaint was filed. The Shawnee State Defendants refer to the complete procedure, which is attached to the Amended Complaint, and deny any characterization that is inconsistent with the complete policies. Answering further, the procedure was amended after the Amended Complaint was filed.

64.     The Shawnee State Defendants admit that Paragraph 64 of the Amended Complaint quotes the referenced procedure that was in place at the time the Amended Complaint was filed. The Shawnee State Defendants refer to the complete procedure, which is attached to the Amended Complaint, and deny any characterization that is inconsistent with the complete procedure. Answering further, the procedure was amended after the Amended Complaint was filed.

65.     The Shawnee State Defendants admit that Paragraph 65 of the Amended Complaint quotes the referenced procedure that was in place at the time the Amended Complaint was filed. The Shawnee State Defendants refer to the complete procedure, which is attached to the Amended Complaint, and deny any characterization that is inconsistent with the complete procedure. Answering further, the procedure was amended after the Amended Complaint was filed.

66.     The Shawnee State Defendants deny the allegations contained in Paragraph 66 of the Amended Complaint.

67.     The Shawnee State Defendants admit that Paragraph 67 of the Amended Complaint quotes the referenced web page. The Shawnee State Defendants refer to the complete Exhibit 3 to the Amended Complaint and deny any characterization that is inconsistent with Exhibit 3.

68.     The Shawnee State Defendants deny the allegations contained in Paragraph 68 of the Amended Complaint.

69.     The Shawnee State Defendants deny the allegations contained in Paragraph 69 of the Amended Complaint.

70.     The Shawnee State Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 70 of the Amended Complaint, and therefore deny them.

71.     The Shawnee State Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 71 of the Amended Complaint, and therefore deny them.

72.     The Shawnee State Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 72 of the Amended Complaint, and therefore deny them.

73.     The Shawnee State Defendants deny the allegations contained in Paragraph 73 of the Amended Complaint.

74.     The Shawnee State Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 74 of the Amended Complaint, and therefore deny them.

75.     The Shawnee State Defendants deny the allegations contained in Paragraph 75 of the Amended Complaint.

76.     The Shawnee State Defendants admit that Paragraph 76 of the Amended Complaint quotes the referenced policies.  The Shawnee State Defendants refer to the complete policies,

which are attached to the Amended Complaint, and deny any characterization that is inconsistent with the complete policies.

77.     The Shawnee State Defendants admit that Paragraph 77 of the Amended Complaint quotes the referenced procedure that was in place at the time the Amended Complaint was filed. The Shawnee State Defendants refer to the complete procedure, which is attached to the Amended Complaint, and deny any characterization that is inconsistent with the complete procedure. Answering further, the procedure was amended after the Amended Complaint was filed.

78.     In response to Paragraph 78 of the Amended Complaint, the Shawnee State Defendants refer to the complete referenced procedure, which is attached to the Amended Complaint, and deny any characterization that is inconsistent with the complete procedure. Answering further, the procedure was amended after the Amended Complaint was filed.

79.     The Shawnee State Defendants admit that Paragraph 79 of the Amended Complaint quotes the referenced policies.  The Shawnee State Defendants refer to the complete policies, which are attached to the Amended Complaint, and deny any characterization that is inconsistent with the complete policies.

80.     The Shawnee State Defendants deny the allegations contained in Paragraph 80 of the Amended Complaint.

81.     The Shawnee State Defendants deny the allegations contained in Paragraph 81 of the Amended Complaint.

82.     The Shawnee State Defendants deny the allegations contained in Paragraph 82 of the Amended Complaint.

83.     The Shawnee State Defendants deny the allegations contained in Paragraph 83 of the Amended Complaint.

84.     The Shawnee State Defendants admit that Paragraph 84 of the Amended Complaint quotes the referenced policies and that Exhibit 4 to the Amended Complaint contains a copy of the Collective Bargaining Agreement that was effective at Shawnee State from August 2015 through August 2018.  The Shawnee State Defendants refer to the complete policies and bargaining agreement, and deny any characterization that is inconsistent with the complete policies or bargaining agreement.

85.     The Shawnee State Defendants deny the allegations contained in Paragraph 85 of the Amended Complaint.

86.     The Shawnee State Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 86 of the Amended Complaint, and therefore deny them.

87.     The Shawnee State Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 87 of the Amended Complaint, and therefore deny them.

88.     The Shawnee State Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 88 of the Amended Complaint, and therefore deny them.

89.     The Shawnee State Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 89 of the Amended Complaint, and therefore deny them.

90.     The Shawnee State Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 90 of the Amended Complaint, and therefore deny them.

91.     The Shawnee State Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 91 of the Amended Complaint, and therefore deny them.

92.     The Shawnee State Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 92 of the Amended Complaint, and therefore deny them.

93.     The Shawnee State Defendants deny the allegations contained in Paragraph 93 of the Amended Complaint only to the extent the name of the department has changed over the years, but otherwise admit the allegations contained in Paragraph 93 of the Amended Complaint.

94.     The Shawnee State Defendants deny the allegations contained in Paragraph 94 of the Amended Complaint.

95.     The Shawnee State Defendants admit the allegations contained in Paragraph 95 of the Amended Complaint.

96.     The Shawnee State Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 96 of the Amended Complaint, and therefore deny them.

97.     The Shawnee State Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 97 of the Amended Complaint, and therefore deny them.

98.     The Shawnee State Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 98 of the Amended Complaint, and therefore deny them.

99.     The Shawnee State Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 99 of the Amended Complaint, and therefore deny them.

100.    The Shawnee State Defendant admit that Plaintiff taught courses with the names listed in Paragraph 100 of the Amended Complaint. The Shawnee State Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in Paragraph 100 of the Amended Complaint, and therefore deny them.

101.    The Shawnee State Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 101 of the Amended Complaint, and therefore deny them.

102.    The Shawnee State Defendants admit that Dr. Meriwether has informed some of the Shawnee State Defendants that he is working on a book project. The Shawnee State Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in Paragraph 102 of the Amended Complaint, and therefore deny them.

103.    The Shawnee State Defendants admit that Dr. Meriwether has served on the Faculty Senate (including as its vice president at one time); led multiple study abroad trips; designed a baccalaureate in Philosophy and Religion; and served on various committees. The Shawnee State Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in Paragraph 103 of the Amended Complaint, and therefore deny them.

104.     The Shawnee State Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 104 of the Amended Complaint, and therefore deny them.

105.     The Shawnee State Defendants admit the allegations contained in Paragraph 105 of the Amended Complaint.

106.     The Shawnee State Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 106 of the Amended Complaint, and therefore deny them.

107.     The Shawnee State Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 107 of the Amended Complaint, and therefore deny them.

108.     The Shawnee State Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 108 of the Amended Complaint, and therefore deny them.

109.     The Shawnee State Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 109 of the Amended Complaint, and therefore deny them.

110.     The Shawnee State Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 110 of the Amended Complaint, and therefore deny them.

111.     The Shawnee State Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 111 of the Amended Complaint, and therefore deny them.

112.     The Shawnee State Defendants deny the allegations contained in Paragraph 112 of the Amended Complaint.

113.     The Shawnee State Defendants deny the allegations contained in Paragraph 113 of the Amended Complaint.

114.     The Shawnee State Defendants deny the allegations contained in Paragraph 114 of the Amended Complaint.

115.     The Shawnee State Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 115 of the Amended Complaint, and therefore deny them.

116.     The Shawnee State Defendants deny the allegations contained in Paragraph 116 of the Amended Complaint.

117.     The Shawnee State Defendants admit that Plaintiff and Defendant Pauley discussed issues related to transgenderism and gender identity.  The Shawnee State Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in Paragraph 117 of the Amended Complaint, and therefore deny them.

118.     The Shawnee State Defendants deny the allegations contained in Paragraph 118 of the Amended Complaint.

119.     The Shawnee State Defendants deny the allegations contained in Paragraph 119 of the Amended Complaint.

120.     The Shawnee State Defendants deny the allegations contained in Paragraph 120 of the Amended Complaint.

121.     The Shawnee State Defendants deny the allegations contained in Paragraph 121 of the Amended Complaint.

122.     The Shawnee State Defendants deny the allegations contained in Paragraph 122 of the Amended Complaint.

123.     The Shawnee State Defendants admit that Paragraph 123 of the Amended Complaint refers to email correspondence attached to the Amended Complaint as Exhibit 6, and admit that this email correspondence occurred.   The Shawnee State Defendants deny any characterization that is inconsistent with the email correspondence contained in Exhibit 6.

124.     The Shawnee State Defendants admit that Paragraph 124 of the Amended Complaint quotes email correspondence attached to the Amended Complaint as Exhibit 6, and admit that this email correspondence occurred.   The Shawnee State Defendants deny any characterization that is inconsistent with the email correspondence contained in Exhibit 6.

125.     The Shawnee State Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 125 of the Amended Complaint, and therefore deny them.

126.     The Shawnee State Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 126 of the Amended Complaint, and therefore deny them.

127.     The Shawnee State Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 127 of the Amended Complaint, and therefore deny them.

128.     The Shawnee State Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 128 of the Amended Complaint, and therefore deny them.

129.      The Shawnee State Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 129 of the Amended Complaint, and therefore deny them.

130.      The Shawnee State Defendants deny the allegations contained in Paragraph 130 of the Amended Complaint.

131.      The Shawnee State Defendants deny the allegations contained in Paragraph 131 of the Amended Complaint.

132.      The Shawnee State Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 132 of the Amended Complaint, and therefore deny them.

133.      The Shawnee State Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 133 of the Amended Complaint, and therefore deny them.

134.      The Shawnee State Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 134 of the Amended Complaint, and therefore deny them.

135.      The Shawnee State Defendants deny the allegations contained in Paragraph 135 of the Amended Complaint.

136.      The Shawnee State Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 136 of the Amended Complaint, and therefore deny them.

137.     The Shawnee State Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 137 of the Amended Complaint, and therefore deny them.

138.     The Shawnee State Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 138 of the Amended Complaint, and therefore deny them.

139.     The Shawnee State Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 139 of the Amended Complaint, and therefore deny them.

140.     The Shawnee State Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 140 of the Amended Complaint, and therefore deny them.

141.     The Shawnee State Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 141 of the Amended Complaint, and therefore deny them.

142.     The Shawnee State Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 142 of the Amended Complaint, and therefore deny them.

143.     The Shawnee State Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 143 of the Amended Complaint, and therefore deny them.

144.     The Shawnee State Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 144 of the Amended Complaint, and therefore deny them.

145.     The Shawnee State Defendants admit that Plaintiff discussed Jane Doe with Defendant Pauley.   The Shawnee State Defendants otherwise lack knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in Paragraph 145 of the Amended Complaint (including the implied allegation that Plaintiff accurately described the events that occurred), and therefore deny them.

146.     The Shawnee State Defendants admit the allegations contained in Paragraph 146 of the Amended Complaint.   Answering further, Defendant Pauley related her conversation to Dr. Scott in his capacity as a Deputy Title IX Coordinator.

147.     The Shawnee State Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 147 of the Amended Complaint, and therefore deny them.

148.     The Shawnee State Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 148 of the Amended Complaint, and therefore deny them.

149.     The Shawnee State Defendants admit that Paragraph 149 of the Amended Complaint refers to email correspondence attached to the Amended Complaint as Exhibit 7, and admit that this email correspondence occurred.   The Shawnee State Defendants deny any characterization that is inconsistent with the email correspondence contained in Exhibit 7.

150.     The Shawnee State Defendants admit that Paragraph 150 of the Amended Complaint refers to email correspondence attached to the Amended Complaint as Exhibit 8, and

admit that this email correspondence occurred. The Shawnee State Defendants deny any characterization that is inconsistent with the email correspondence contained in Exhibit 8.

151.     The Shawnee State Defendants admit the allegations contained in Paragraph 151 of the Amended Complaint.

152.     The Shawnee State Defendants admit the allegations contained in Paragraph 152 of the Amended Complaint.

153.     The Shawnee State Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 153 of the Amended Complaint, and therefore deny them.

154.     The Shawnee State Defendants deny the allegations contained in Paragraph 154 of the Amended Complaint.

155.     The Shawnee State Defendants deny the allegations contained in Paragraph 155 of the Amended Complaint.

156.     The Shawnee State Defendants deny the allegations contained in Paragraph 156 of the Amended Complaint.

157.     The Shawnee State Defendants deny the allegations contained in Paragraph 157 of the Amended Complaint.

158.     The Shawnee State Defendants deny the allegations contained in Paragraph 158 of the Amended Complaint.

159.     The Shawnee State Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 159 of the Amended Complaint, and therefore deny them.

160.     The Shawnee State Defendants admit the allegations contained in Paragraph 160 of the Amended Complaint.

161.     The Shawnee State Defendants deny the allegations contained in Paragraph 161 of the Amended Complaint.

162.     The Shawnee State Defendants deny the allegations contained in Paragraph 162 of the Amended Complaint.

163.     The Shawnee State Defendants deny the allegations contained in Paragraph 163 of the Amended Complaint.

164.     The Shawnee State Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 164 of the Amended Complaint, and therefore deny them.

165.     The Shawnee State Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 165 of the Amended Complaint, and therefore deny them.

166.     The Shawnee State Defendants deny the allegations contained in Paragraph 166 of the Amended Complaint.

167.     The Shawnee State Defendants deny the allegations contained in Paragraph 167 of the Amended Complaint.

168.     The Shawnee State Defendants deny the allegations contained in Paragraph 168 of the Amended Complaint.

169.     The Shawnee State Defendants deny the allegations contained in Paragraph 169 of the Amended Complaint.

170.     The Shawnee State Defendants deny the allegations contained in Paragraph 170 of the Amended Complaint.

171.     The Shawnee State Defendants deny the allegations contained in Paragraph 171 of the Amended Complaint.

172.     The Shawnee State Defendants deny the allegations contained in Paragraph 172 of the Amended Complaint.

173.     The Shawnee State Defendants admit the allegations contained in Paragraph 173 of the Amended Complaint.

174.     The Shawnee State Defendants deny the allegations contained in Paragraph 174 of the Amended Complaint.

175.     The Shawnee State Defendants deny the allegations contained in Paragraph 175 of the Amended Complaint.

176.     The Shawnee State Defendants admit the allegations contained in Paragraph 176 of the Amended Complaint.

177.     The Shawnee State Defendants deny the allegations contained in Paragraph 177 of the Amended Complaint.

178.     The Shawnee State Defendants deny the allegations contained in Paragraph 178 of the Amended Complaint.

179.     The Shawnee State Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 179 of the Amended Complaint, and therefore deny them.

180.     The Shawnee State Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 180 of the Amended Complaint, and therefore deny them.

181.     The Shawnee State Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 181 of the Amended Complaint, and therefore deny them.

182.     The Shawnee State Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 182 of the Amended Complaint, and therefore deny them.

183.     The Shawnee State Defendants deny the allegations contained in Paragraph 183 of the Amended Complaint.

184.     The Shawnee State Defendants deny the allegations contained in Paragraph 184 of the Amended Complaint.

185.     The Shawnee State Defendants admit that Paragraph 185 of the Amended Complaint refers to a letter that was sent by Defendant Milliken to Plaintiff and that is attached to the Amended Complaint as Exhibit 9, and admit that the letter was sent on or about February 13, 2018. The Shawnee State Defendants deny any characterization that is inconsistent with the letter attached to the Amended Complaint as Exhibit 9.

186.     The Shawnee State Defendants admit that Paragraph 186 of the Amended Complaint quotes a letter that was sent by Defendant Milliken to Plaintiff and that is attached to the Amended Complaint as Exhibit 9, and admit that the letter was sent on or about February 13, 2018. The Shawnee State Defendants deny any characterization that is inconsistent with the letter attached to the Amended Complaint as Exhibit 9.

187.    The Shawnee State Defendants admit that Paragraph 187 of the Amended Complaint quotes a letter that was sent by Defendant Milliken to Plaintiff and that is attached to the Amended Complaint as Exhibit 9, and admit that the letter was sent on or about February 13, 2018. The Shawnee State Defendants deny any characterization that is inconsistent with the letter attached to the Amended Complaint as Exhibit 9.

188.    The Shawnee State Defendants admit that Paragraph 188 of the Amended Complaint refers to email correspondence attached to the Amended Complaint as Exhibit 10, and admit that this email correspondence occurred. The Shawnee State Defendants deny any characterization that is inconsistent with the email correspondence contained in Exhibit 10.

189.    The Shawnee State Defendants admit that Paragraph 189 of the Amended Complaint quotes email correspondence attached to the Amended Complaint as Exhibit 10, and admit that this email correspondence occurred. The Shawnee State Defendants deny any characterization that is inconsistent with the email correspondence contained in Exhibit 10.

190.    The Shawnee State Defendants admit the allegations contained in Paragraph 190 of the Amended Complaint.

191.    The Shawnee State Defendants admit that Paragraph 191 of the Amended Complaint quotes email correspondence attached to the Amended Complaint as Exhibit 10, and admit that this email correspondence occurred. The Shawnee State Defendants deny any characterization that is inconsistent with the email correspondence contained in Exhibit 10.

192.    The Shawnee State Defendants admit that Paragraph 192 of the Amended Complaint refers to email correspondence attached to the Amended Complaint as Exhibit 10, and admit that this email correspondence occurred. The Shawnee State Defendants deny any characterization that is inconsistent with the email correspondence contained in Exhibit 10.

193.     The Shawnee State Defendants admit that Paragraph 193 of the Amended Complaint refers to email correspondence attached to the Amended Complaint as Exhibit 10, and admit that this email correspondence occurred. The Shawnee State Defendants deny any characterization that is inconsistent with the email correspondence contained in Exhibit 10.

194.     The Shawnee State Defendants admit that Paragraph 194 of the Amended Complaint quotes email correspondence attached to the Amended Complaint as Exhibit 10, and admit that this email correspondence occurred. The Shawnee State Defendants deny any characterization that is inconsistent with the email correspondence contained in Exhibit 10.

195.     The Shawnee State Defendants admit that Paragraph 195 of the Amended Complaint refers to email correspondence attached to the Amended Complaint as Exhibit 10, and admit that this email correspondence occurred. The Shawnee State Defendants deny any characterization that is inconsistent with the email correspondence contained in Exhibit 10.

196.     The Shawnee State Defendants deny the allegations contained in Paragraph 196 of the Amended Complaint.

197.     The Shawnee State Defendants admit that Paragraph 197 of the Amended Complaint quotes the Collective Bargaining Agreement that was effective at Shawnee State from August 2015 through August 2018, which is attached as Exhibit 4 to the Amended Complaint. The Shawnee State Defendants refer to the complete bargaining agreement, and deny any characterization that is inconsistent with the complete bargaining agreement.

198.     The Shawnee State Defendants admit that Paragraph 198 of the Amended Complaint quotes the Collective Bargaining Agreement that was effective at Shawnee State from August 2015 through August 2018, which is attached as Exhibit 4 to the Amended Complaint.

The Shawnee State Defendants refer to the complete bargaining agreement, and deny any characterization that is inconsistent with the complete bargaining agreement.

199.    The Shawnee State Defendants deny the allegations contained in Paragraph 199 of the Amended Complaint.

200.    The Shawnee State Defendants admit that Paragraph 200 of the Amended Complaint refers to the Collective Bargaining Agreement that was effective at Shawnee State from August 2015 through August 2018, which is attached as Exhibit 4 to the Amended Complaint. The Shawnee State Defendants refer to the complete bargaining agreement, and deny any characterization that is inconsistent with the complete bargaining agreement.

201.    The Shawnee State Defendants admit that Paragraph 201 of the Amended Complaint quotes the Collective Bargaining Agreement that was effective at Shawnee State from August 2015 through August 2018, which is attached as Exhibit 4 to the Amended Complaint. The Shawnee State Defendants refer to the complete bargaining agreement, and deny any characterization that is inconsistent with the complete bargaining agreement.

202.    The Shawnee State Defendants deny the allegations contained in Paragraph 202 of the Amended Complaint.

203.    The Shawnee State Defendants admit that Paragraph 203 of the Amended Complaint quotes the Collective Bargaining Agreement that was effective at Shawnee State from August 2015 through August 2018, which is attached as Exhibit 4 to the Amended Complaint. The Shawnee State Defendants refer to the complete bargaining agreement, and deny any characterization that is inconsistent with the complete bargaining agreement.

204.    The Shawnee State Defendants deny the allegations contained in Paragraph 204 of the Amended Complaint.

205.     The Shawnee State Defendants admit that Paragraph 205 of the Amended Complaint quotes the Collective Bargaining Agreement that was effective at Shawnee State from August 2015 through August 2018, which is attached as Exhibit 4 to the Amended Complaint. The Shawnee State Defendants refer to the complete bargaining agreement, and deny any characterization that is inconsistent with the complete bargaining agreement.

206.     The Shawnee State Defendants admit that Paragraph 206 of the Amended Complaint refers to email correspondence attached to the Amended Complaint as Exhibit 11, and admit that this email correspondence occurred. The Shawnee State Defendants deny any characterization that is inconsistent with the email correspondence contained in Exhibit 11.

207.     The Shawnee State Defendants admit that Paragraph 207 of the Amended Complaint quotes email correspondence attached to the Amended Complaint as Exhibit 11, and admit that this email correspondence occurred. The Shawnee State Defendants deny any characterization that is inconsistent with the email correspondence contained in Exhibit 11.

208.     The Shawnee State Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 208 of the Amended Complaint, and therefore deny them.

209.     The Shawnee State Defendants admit that Paragraph 209 of the Amended Complaint refers to email correspondence attached to the Amended Complaint as Exhibit 11, and admit that this email correspondence occurred. The Shawnee State Defendants deny any characterization that is inconsistent with the email correspondence contained in Exhibit 11.

210.     The Shawnee State Defendants admit that Paragraph 210 of the Amended Complaint refers to email correspondence attached to the Amended Complaint as Exhibit 11, and

admit that this email correspondence occurred. The Shawnee State Defendants deny any characterization that is inconsistent with the email correspondence contained in Exhibit 11.

211. The Shawnee State Defendants admit that Paragraph 211 of the Amended Complaint refers to email correspondence attached to the Amended Complaint as Exhibit 11, and admit that this email correspondence occurred. The Shawnee State Defendants deny any characterization that is inconsistent with the email correspondence contained in Exhibit 11.

212. The Shawnee State Defendants admit that Paragraph 212 of the Amended Complaint refers to email correspondence attached to the Amended Complaint as Exhibit 11, and admit that this email correspondence occurred. The Shawnee State Defendants deny any characterization that is inconsistent with the email correspondence contained in Exhibit 11.

213. The Shawnee State Defendants admit that Paragraph 213 of the Amended Complaint refers to email correspondence attached to the Amended Complaint as Exhibit 11, and admit that this email correspondence occurred. The Shawnee State Defendants deny any characterization that is inconsistent with the email correspondence contained in Exhibit 11.

214. The Shawnee State Defendants admit that Paragraph 214 of the Amended Complaint quotes email correspondence attached to the Amended Complaint as Exhibit 11, and admit that this email correspondence occurred. The Shawnee State Defendants deny any characterization that is inconsistent with the email correspondence contained in Exhibit 11.

215. The Shawnee State Defendants admit that Paragraph 215 of the Amended Complaint quotes email correspondence attached to the Amended Complaint as Exhibit 11, and admit that this email correspondence occurred. The Shawnee State Defendants deny any characterization that is inconsistent with the email correspondence contained in Exhibit 11.

216.     The Shawnee State Defendants admit that Paragraph 216 of the Amended Complaint refers to email correspondence attached to the Amended Complaint as Exhibit 11, and admit that this email correspondence occurred. The Shawnee State Defendants deny any characterization that is inconsistent with the email correspondence contained in Exhibit 11.

217.     The Shawnee State Defendants admit that Paragraph 217 of the Amended Complaint refers to email correspondence attached to the Amended Complaint as Exhibit 11, and admit that this email correspondence occurred. The Shawnee State Defendants deny any characterization that is inconsistent with the email correspondence contained in Exhibit 11.

218.     The Shawnee State Defendants admit that Paragraph 218 of the Amended Complaint refers to email correspondence attached to the Amended Complaint as Exhibit 11, and admit that this email correspondence occurred. The Shawnee State Defendants deny any characterization that is inconsistent with the email correspondence contained in Exhibit 11.

219.     The Shawnee State Defendants admit that Paragraph 219 of the Amended Complaint refers to a letter that is attached to the Amended Complaint as Exhibit 12, and admit that this letter and related emails were sent on or about March 12, 2018. The Shawnee State Defendants deny any characterization that is inconsistent with the letter and email correspondence contained in Exhibit 12.

220.     The Shawnee State Defendants admit that Paragraph 220 of the Amended Complaint refers to a letter that is attached to the Amended Complaint as Exhibit 12, and admit that this letter and related emails were sent on or about March 12, 2018. The Shawnee State Defendants deny any characterization that is inconsistent with the letter and email correspondence contained in Exhibit 12.

221.     The Shawnee State Defendants admit that Paragraph 221 of the Amended Complaint refers to a letter that is attached to the Amended Complaint as Exhibit 12, and admit that this letter and related emails were sent on or about March 12, 2018.  The Shawnee State Defendants deny any characterization that is inconsistent with the letter and email correspondence contained in Exhibit 12.

222.     The Shawnee State Defendants admit that Paragraph 222 of the Amended Complaint refers to a letter that is attached to the Amended Complaint as Exhibit 12, and admit that this letter and related emails were sent on or about March 12, 2018.  The Shawnee State Defendants deny any characterization that is inconsistent with the letter and email correspondence contained in Exhibit 12.

223.     The Shawnee State Defendants admit the allegations contained in Paragraph 223 of the Amended Complaint.

224.     The Shawnee State Defendants admit the allegations contained in Paragraph 224 of the Amended Complaint.

225.     The Shawnee State Defendants admit that Paragraph 225 of the Amended Complaint refers to an Investigation Report that is attached to the Amended Complaint as Exhibit 13, and admit that the report was prepared by Defendant Johnson and sent to Defendant Milliken on or about April 12, 2018.  The Shawnee State Defendants deny any characterization that is inconsistent with the full report contained in Exhibit 12.

226.     The Shawnee State Defendants deny the allegations contained in Paragraph 226 of the Amended Complaint.

227.     The Shawnee State Defendants deny the allegations contained in Paragraph 227 of the Amended Complaint.

31

228.     The Shawnee State Defendants deny the allegations contained in Paragraph 228 of the Amended Complaint.

229.     The Shawnee State Defendants admit the allegations contained in Paragraph 229 of the Amended Complaint.

230.     The Shawnee State Defendants admit that Paragraph 230 of the Amended Complaint quotes an Investigation Report that is attached to the Amended Complaint as Exhibit 13, and admit that the report was prepared by Defendant Johnson and sent to Defendant Milliken on or about April 12, 2018.  The Shawnee State Defendants deny any characterization that is inconsistent with the full report contained in Exhibit 12

231.     The Shawnee State Defendants deny the allegations contained in Paragraph 231 of the Amended Complaint.

232.     The Shawnee State Defendants deny the allegations contained in Paragraph 232 of the Amended Complaint.

233.     The Shawnee State Defendants admit that Paragraph 233 of the Amended Complaint quotes a letter that is attached to the Amended Complaint as Exhibit 14, and admit that the letter was sent by Defendant Milliken to Plaintiff on or about April 18, 2018.  The Shawnee State Defendants deny any characterization that is inconsistent with the full letter in Exhibit 14.

234.     The Shawnee State Defendants admit that Paragraph 234 of the Amended Complaint quotes a letter that is attached to the Amended Complaint as Exhibit 14, and admit that the letter was sent by Defendant Milliken to Plaintiff on or about April 18, 2018.  The Shawnee State Defendants deny any characterization that is inconsistent with the full letter in Exhibit 14.

235.     The Shawnee State Defendants admit that Paragraph 235 of the Amended Complaint refers to email correspondence attached to the Amended Complaint as Exhibit 15, and

admit that this email correspondence occurred. The Shawnee State Defendants deny any characterization that is inconsistent with the email correspondence contained in Exhibit 15.

236. The Shawnee State Defendants admit that Paragraph 236 of the Amended Complaint refers to email correspondence attached to the Amended Complaint as Exhibit 16, and admit that this email correspondence occurred. The Shawnee State Defendants deny any characterization that is inconsistent with the email correspondence contained in Exhibit 16.

237. The Shawnee State Defendants admit that Paragraph 237 of the Amended Complaint refers to email correspondence attached to the Amended Complaint as Exhibit 16, and admit that this email correspondence occurred. The Shawnee State Defendants deny any characterization that is inconsistent with the email correspondence contained in Exhibit 16.

238. The Shawnee State Defendants admit that Paragraph 238 of the Amended Complaint refers to a Report of Dean's Findings regarding the Formal Investigation of Dr. Nicholas Meriwether that is attached to the Amended Complaint as Exhibit 17, and admit that this report was prepared by Defendant Milliken on or about May 29, 2018. The Shawnee State Defendants deny any characterization that is inconsistent with the full report contained in Exhibit 17.

239. The Shawnee State Defendants admit that Paragraph 239 of the Amended Complaint quotes a Report of Dean's Findings regarding the Formal Investigation of Dr. Nicholas Meriwether that is attached to the Amended Complaint as Exhibit 17, and admit that this report was prepared by Defendant Milliken on or about May 29, 2018. The Shawnee State Defendants deny any characterization that is inconsistent with the full report contained in Exhibit 17.

240. The Shawnee State Defendants admit that Paragraph 240 of the Amended Complaint quotes a Report of Dean's Findings regarding the Formal Investigation of Dr. Nicholas

Meriwether that is attached to the Amended Complaint as Exhibit 17, and admit that this report was prepared by Defendant Milliken on or about May 29, 2018.  The Shawnee State Defendants deny any characterization that is inconsistent with the full report contained in Exhibit 17.

241.     The Shawnee State Defendants admit that Paragraph 241 of the Amended Complaint refers to email correspondence attached to the Amended Complaint as Exhibit 18, and admit that this email correspondence occurred.   The Shawnee State Defendants deny any characterization that is inconsistent with the email correspondence contained in Exhibit 18.

242.     The Shawnee State Defendants admit that Paragraph 242 of the Amended Complaint refers to email correspondence attached to the Amended Complaint as Exhibit 18, and admit that this email correspondence occurred.   The Shawnee State Defendants deny any characterization that is inconsistent with the email correspondence contained in Exhibit 18.

243.     The Shawnee State Defendants admit that Paragraph 243 of the Amended Complaint refers to email correspondence attached to the Amended Complaint as Exhibit 18, and admit that this email correspondence occurred.   The Shawnee State Defendants deny any characterization that is inconsistent with the memorandum and email correspondence contained in Exhibit 19.

244.     The Shawnee State Defendants admit that Paragraph 244 of the Amended Complaint refers to a memo from Defendant Bauer concerning Provost's Decision on Formal Disciplinary Action that is attached to the Amended Complaint as Exhibit 19, and that this document was sent to Plaintiff on or about June 14, 2018.  The Shawnee State Defendants deny any characterization that is inconsistent with the memorandum and email correspondence contained in Exhibit 19.

245.     The Shawnee State Defendants admit that Paragraph 245 of the Amended Complaint quotes a memo from Defendant Bauer concerning Provost's Decision on Formal Disciplinary Action that is attached to the Amended Complaint as Exhibit 19, and that this document was sent to Plaintiff on or about June 14, 2018.  The Shawnee State Defendants deny any characterization that is inconsistent with the memorandum and email correspondence contained in Exhibit 19.

246.     The Shawnee State Defendants admit that Paragraph 246 of the Amended Complaint refers to a warning letter authored by Defendant Milliken that is attached to the Amended Complaint as Exhibit 20, and that this document was sent to Plaintiff on or about June 22, 2018.  The Shawnee State Defendants deny any characterization that is inconsistent with the warning letter contained in Exhibit 20.

247.     The Shawnee State Defendants admit that Paragraph 247 of the Amended Complaint refers to a warning letter authored by Defendant Milliken that is attached to the Amended Complaint as Exhibit 20, and that this document was sent to Plaintiff on or about June 22, 2018.  The Shawnee State Defendants deny any characterization that is inconsistent with the warning letter contained in Exhibit 20.

248.     The Shawnee State Defendants admit that Paragraph 248 of the Amended Complaint quotes a warning letter authored by Defendant Milliken that is attached to the Amended Complaint as Exhibit 20, and that this document was sent to Plaintiff on or about June 22, 2018. The Shawnee State Defendants deny any characterization that is inconsistent with the memorandum and email correspondence contained in Exhibit 20.

249.     The Shawnee State Defendants admit that Paragraph 249 of the Amended Complaint refers to email correspondence attached to the Amended Complaint as Exhibit 21, and

admit that this email correspondence occurred.  The Shawnee State Defendants deny any characterization that is inconsistent with the email correspondence contained in Exhibit 21.

250.    The Shawnee State Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 250 of the Amended Complaint, and therefore deny them.

251.    The Shawnee State Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 251 of the Amended Complaint, and therefore deny them.

252.    The Shawnee State Defendants admit that Paragraph 252 of the Amended Complaint refers to a formal grievance submitted on Dr. Meriwether's behalf by the Union on or about August 16, 2018.  The Shawnee State Defendants deny any characterization that is inconsistent with the formal grievance contained in Exhibit 23.

253.    The Shawnee State Defendants admit that Paragraph 253 of the Amended Complaint refers to a formal grievance submitted on Dr. Meriwether's behalf by the Union on or about August 16, 2018.  The Shawnee State Defendants deny any characterization that is inconsistent with the formal grievance contained in Exhibit 23.

254.    The Shawnee State Defendants admit the allegations contained in Paragraph 254 of the Amended Complaint.

255.    The Shawnee State Defendants admit that the provost was the first official who reviewed Dr. Meriwether's grievance.  To the extent the allegations contained in Paragraph 255 of the Amended Complaint suggest that this is the procedure followed for all grievances, the Shawnee State Defendants deny those allegations.

256.     The Shawnee State Defendants deny the allegations contained in Paragraph 256 of the Amended Complaint.

257.     The Shawnee State Defendants deny the allegations contained in Paragraph 257 of the Amended Complaint.

258.     The Shawnee State Defendants deny the allegations contained in Paragraph 258 of the Amended Complaint.

259.     The Shawnee State Defendants deny the allegations contained in Paragraph 259 of the Amended Complaint.

260.     The Shawnee State Defendants admit the allegations contained in Paragraph 260 of the Amended Complaint.

261.     The Shawnee State Defendants deny the allegations contained in Paragraph 261 of the Amended Complaint.

262.     The Shawnee State Defendants deny the allegations contained in Paragraph 262 of the Amended Complaint.

263.     The Shawnee State Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 263 of the Amended Complaint, and therefore deny them.

264.     The Shawnee State Defendants admit that Paragraph 264 of the Amended Complaint refers to email correspondence attached to the Amended Complaint as Exhibit 25, and admit that this email correspondence occurred.  The Shawnee State Defendants deny any characterization that is inconsistent with the email correspondence contained in Exhibit 25.

265.     The Shawnee State Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 265 of the Amended Complaint, and therefore deny them.

266.     The Shawnee State Defendants admit the allegations contained in Paragraph 266 of the Amended Complaint.

267.     The Shawnee State Defendants deny the allegations contained in Paragraph 267 of the Amended Complaint.

268.     The Shawnee State Defendants deny the allegations contained in Paragraph 268 of the Amended Complaint.

269.     The Shawnee State Defendants admit that Paragraph 269 of the Amended Complaint refers to a decision issued by Dr. Bauer's designee on or about October 4, 2018.  The Shawnee State Defendants deny any characterization that is inconsistent with the decision contained in Exhibit 27.

270.     The Shawnee State Defendants admit that Paragraph 270 of the Amended Complaint refers to a decision issued by Dr. Bauer's designee on or about October 4, 2018.  The Shawnee State Defendants deny any characterization that is inconsistent with the decision contained in Exhibit 27.

271.     The Shawnee State Defendants admit that Paragraph 271 of the Amended Complaint refers to a decision issued by Dr. Bauer's designee on or about October 4, 2018.  The Shawnee State Defendants deny any characterization that is inconsistent with the decision contained in Exhibit 27, and otherwise deny the allegations contained in Paragraph 271 of the Amended Complaint.

272.     The Shawnee State Defendants admit that Paragraph 272 of the Amended Complaint refers to a decision issued by Dr. Bauer's designee on or about October 4, 2018. The Shawnee State Defendants deny any characterization that is inconsistent with the decision contained in Exhibit 27, and otherwise deny the allegations contained in Paragraph 272 of the Amended Complaint.

273.     The Shawnee State Defendants admit that Paragraph 273 of the Amended Complaint refers to a decision issued by Dr. Bauer's designee on or about October 4, 2018. The Shawnee State Defendants deny any characterization that is inconsistent with the decision contained in Exhibit 27, and otherwise deny the allegations contained in Paragraph 273 of the Amended Complaint.

274.     The Shawnee State Defendants deny the allegations contained in Paragraph 274 of the Amended Complaint.

275.     The Shawnee State Defendants deny the allegations contained in Paragraph 275 of the Amended Complaint.

276.     The Shawnee State Defendants admit that Paragraph 276 of the Amended Complaint refers to a decision issued by Dr. Bauer's designee on or about October 4, 2018. The Shawnee State Defendants deny any characterization that is inconsistent with the decision contained in Exhibit 27.

277.     The Shawnee State Defendants admit that Paragraph 277 of the Amended Complaint refers to a decision issued by Dr. Bauer's designee on or about October 4, 2018. The Shawnee State Defendants deny any characterization that is inconsistent with the decision contained in Exhibit 27, and otherwise deny the allegations contained in Paragraph 277 of the Amended Complaint.

278.     The Shawnee State Defendants admit that Paragraph 278 of the Amended Complaint refers to a decision issued by Dr. Bauer's designee on or about October 4, 2018.  The Shawnee State Defendants deny any characterization that is inconsistent with the decision contained in Exhibit 27.

279.     The Shawnee State Defendants admit that Paragraph 279 of the Amended Complaint refers to a decision issued by Dr. Bauer's designee on or about October 4, 2018.  The Shawnee State Defendants deny any characterization that is inconsistent with the decision contained in Exhibit 27.

280.     The Shawnee State Defendants admit that Paragraph 280 of the Amended Complaint refers to a decision issued by Dr. Bauer's designee on or about October 4, 2018.  The Shawnee State Defendants deny any characterization that is inconsistent with the decision contained in Exhibit 27, and otherwise deny the allegations contained in Paragraph 280 of the Amended Complaint.

281.     The Shawnee State Defendants deny the allegations contained in Paragraph 281 of the Amended Complaint.

282.     The Shawnee State Defendants admit that Paragraph 282 of the Amended Complaint refers to a decision issued by Dr. Bauer's designee on or about October 4, 2018.  The Shawnee State Defendants deny any characterization that is inconsistent with the decision contained in Exhibit 27.

283.     The Shawnee State Defendants deny the allegations contained in Paragraph 283 of the Amended Complaint.

284.     The Shawnee State Defendants deny the allegations contained in Paragraph 284 of the Amended Complaint.

285.     The Shawnee State Defendants deny the allegations contained in Paragraph 285 of the Amended Complaint.

286.     The Shawnee State Defendants admit the allegations contained in Paragraph 286 of the Amended Complaint.

287.     The Shawnee State Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 287 of the Amended Complaint, and therefore deny them.

288.     The Shawnee State Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 288 of the Amended Complaint, and therefore deny them.

289.     The Shawnee State Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 289 of the Amended Complaint, and therefore deny them.

290.     The Shawnee State Defendants deny the allegations contained in Paragraph 290 of the Amended Complaint.

291.     The Shawnee State Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 291 of the Amended Complaint, and therefore deny them.

292.     The Shawnee State Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 292 of the Amended Complaint, and therefore deny them.

293.    The Shawnee State Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 293 of the Amended Complaint, and therefore deny them.

294.    The Shawnee State Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 294 of the Amended Complaint, and therefore deny them.

295.    The Shawnee State Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 295 of the Amended Complaint, and therefore deny them.

296.    The Shawnee State Defendants deny the allegations contained in Paragraph 296 of the Amended Complaint.

297.    The Shawnee State Defendants deny the allegations contained in Paragraph 297 of the Amended Complaint.

298.    The Shawnee State Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 298 of the Amended Complaint, and therefore deny them.

299.    The Shawnee State Defendants deny the allegations contained in Paragraph 299 of the Amended Complaint.

300.    The Shawnee State Defendants deny the allegations contained in Paragraph 300 of the Amended Complaint.

301.    The Shawnee State Defendants deny the allegations contained in Paragraph 301 of the Amended Complaint.

302.     The Shawnee State Defendants deny the allegations contained in Paragraph 302 of the Amended Complaint.

303.     The Shawnee State Defendants deny the allegations contained in Paragraph 303 of the Amended Complaint.

304.     The Shawnee State Defendants deny the allegations contained in Paragraph 304 of the Amended Complaint.

305.     The Shawnee State Defendants deny the allegations contained in Paragraph 305 of the Amended Complaint.

306.     The Shawnee State Defendants deny the allegations contained in Paragraph 306 of the Amended Complaint.

307.     The Shawnee State Defendants deny the allegations contained in Paragraph 307 of the Amended Complaint.

### First Cause of Action

308.     In response to Paragraph 308 of the Amended Complaint, the Shawnee State Defendants incorporate by reference each of the foregoing responses as if fully rewritten and restated herein.

309.     The Shawnee State Defendants deny the allegations contained in Paragraph 309 of the Amended Complaint.

310.     The Shawnee State Defendants deny the allegations contained in Paragraph 310 of the Amended Complaint.

311.     The Shawnee State Defendants deny the allegations contained in Paragraph 311 of the Amended Complaint.

312.     The Shawnee State Defendants deny the allegations contained in Paragraph 312 of the Amended Complaint.

313.     The Shawnee State Defendants deny the allegations contained in Paragraph 313 of the Amended Complaint.

314.     The Shawnee State Defendants deny the allegations contained in Paragraph 314 of the Amended Complaint.

315.     The Shawnee State Defendants deny the allegations contained in Paragraph 315 of the Amended Complaint.

316.     The Shawnee State Defendants deny the allegations contained in Paragraph 316 of the Amended Complaint.

### Second Cause of Action

317.     In response to Paragraph 317 of the Amended Complaint, the Shawnee State Defendants incorporate by reference each of the foregoing responses as if fully rewritten and restated herein.

318.     The Shawnee State Defendants deny the allegations contained in Paragraph 318 of the Amended Complaint.

319.     The Shawnee State Defendants deny the allegations contained in Paragraph 319 of the Amended Complaint.

320.     The Shawnee State Defendants deny the allegations contained in Paragraph 320 of the Amended Complaint.

321.     The Shawnee State Defendants deny the allegations contained in Paragraph 321 of the Amended Complaint.

322.     The Shawnee State Defendants deny the allegations contained in Paragraph 322 of the Amended Complaint.

323.     The Shawnee State Defendants deny the allegations contained in Paragraph 323 of the Amended Complaint.

324.     The Shawnee State Defendants deny the allegations contained in Paragraph 324 of the Amended Complaint.

325.     The Shawnee State Defendants deny the allegations contained in Paragraph 325 of the Amended Complaint.

326.     The Shawnee State Defendants deny the allegations contained in Paragraph 326 of the Amended Complaint.

327.     The Shawnee State Defendants deny the allegations contained in Paragraph 327 of the Amended Complaint.

### Third Cause of Action

328.     In response to Paragraph 328 of the Amended Complaint, the Shawnee State Defendants incorporate by reference each of the foregoing responses as if fully rewritten and restated herein.

329.     The Shawnee State Defendants deny the allegations contained in Paragraph 329 of the Amended Complaint.

330.     The Shawnee State Defendants deny the allegations contained in Paragraph 330 of the Amended Complaint.

331.     The Shawnee State Defendants deny the allegations contained in Paragraph 331 of the Amended Complaint.

### Fourth Cause of Action

332.    In response to Paragraph 332 of the Amended Complaint, the Shawnee State Defendants incorporate by reference each of the foregoing responses as if fully rewritten and restated herein.

333.    The Shawnee State Defendants deny the allegations contained in Paragraph 333 of the Amended Complaint.

334.    The Shawnee State Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 334 of the Amended Complaint, and therefore deny them.

335.    The Shawnee State Defendants deny the allegations contained in Paragraph 335 of the Amended Complaint.

336.    The Shawnee State Defendants deny the allegations contained in Paragraph 336 of the Amended Complaint.

337.    The Shawnee State Defendants deny the allegations contained in Paragraph 337 of the Amended Complaint.

338.    The Shawnee State Defendants deny the allegations contained in Paragraph 338 of the Amended Complaint.

339.    The Shawnee State Defendants deny the allegations contained in Paragraph 339 of the Amended Complaint.

340.    The Shawnee State Defendants deny the allegations contained in Paragraph 340 of the Amended Complaint.

341.    The Shawnee State Defendants deny the allegations contained in Paragraph 341 of the Amended Complaint.

46

**Fifth Cause of Action**

342.     In response to Paragraph 342 of the Amended Complaint, the Shawnee State Defendants incorporate by reference each of the foregoing responses as if fully rewritten and restated herein.

343.     The Shawnee State Defendants deny the allegations contained in Paragraph 343 of the Amended Complaint.

344.     The Shawnee State Defendants deny the allegations contained in Paragraph 344 of the Amended Complaint.

345.     The Shawnee State Defendants deny the allegations contained in Paragraph 345 of the Amended Complaint.

346.     The Shawnee State Defendants deny the allegations contained in Paragraph 346 of the Amended Complaint.

347.     The Shawnee State Defendants deny the allegations contained in Paragraph 347 of the Amended Complaint.

**Sixth Cause of Action**

348.     Dr. Meriwether's sixth cause of action was dismissed by this Court and the Sixth Circuit affirmed that dismissal.  For this reason, Paragraphs 348 through 355 require no response. To the extent any paragraph does require a response, the Shawnee State Defendants incorporate by reference each of the foregoing responses as if fully rewritten and restated herein and otherwise deny the allegations.

**Seventh Cause of Action**

356.     Dr. Meriwether's seventh cause of action was dismissed by this Court and Dr. Meriwether did not appeal that dismissal.  For this reason, Paragraphs 356 through 363 require no

response. To the extent any paragraph does require a response, the Shawnee State Defendants incorporate by reference each of the foregoing responses as if fully rewritten and restated herein and otherwise deny the allegations.

## **Eighth Cause of Action**

364. The state law claims referred to Paragraphs 364 through 369 of the Amended Complaint are the subject of a pending Motion to Dismiss (D.I. 36), and therefore no response is required at this time. To the extent any paragraph does require a response, the Shawnee State Defendants incorporate by reference each of the foregoing responses as if fully rewritten and restated herein and otherwise deny the allegations.

## **Ninth Cause of Action**

370. The state law claims referred to Paragraphs 370 through 375 of the Amended Complaint are the subject of a pending Motion to Dismiss (D.I. 36), and therefore no response is required at this time. To the extent any paragraph does require a response, the Shawnee State Defendants incorporate by reference each of the foregoing responses as if fully rewritten and restated herein and otherwise deny the allegations.

Any allegation in the Amended Complaint that is not expressly admitted by the Shawnee State Defendants is denied.

## **Demand for Jury Trial**

1. To the extent that Plaintiff's demand for jury trial requires a response, the Shawnee State Defendants admit that Plaintiff demands a jury trial, but denies that issues triable by jury exist.

## **Affirmative Defenses**

1. Plaintiff has failed to state a claim upon which relief can be granted.

2.        Plaintiff's claims are barred by the doctrine of sovereign immunity.

3.        To the extent Plaintiff suffered damages, Plaintiff failed to mitigate those damages.

4.        Plaintiff's claims are barred to the extent he alleges that the Shawnee State Defendants violated a collective bargaining agreement or his allegations are otherwise covered by a collective bargaining agreement, because all such disputes must resolved pursuant to the Grievance Procedures contained in the relevant collective bargaining agreement (and those procedures include a binding arbitration provision).

5.        Defendants respectfully reserve the right to amend their Answer to add such additional affirmative defenses, cross-claims, counterclaims, and/or third-party claims as may be disclosed during the course of this matter.

## Prayer for Relief

**WHEREFORE**, Defendant prays as follows:

1.        That the Court dismiss the Amended Complaint with prejudice;

2.        That the Court enter judgment in favor of the Shawnee State Defendants and Defendant-Intervenors on Plaintiff's Complaint and each and every claim thereof;

3.        That the Court award the Shawnee State Defendants costs and fees; and

4.        That the Court grant such other relief as the Court deems just and proper.

Respectfully submitted,

/s/ Benjamin G. Stewart
Benjamin G. Stewart (0082638)
Paul R. Kerridge (0092701)
Taylor M. Beckham (0100174)
KEATING MUETHING & KLEKAMP PLL
One East Fourth Street, Suite 1400
Cincinnati, OH 45202
Tel:  (513) 579-6400
Fax:  (513) 579-6457
bgstewart@kmklaw.com
pkerridge@kmklaw.com
tbeckham@kmklaw.com

*Counsel for Defendants, the Trustees of Shawnee State University et al.*

## CERTIFICATE OF SERVICE

I certify that on September 16, 2021 I electronically filed the foregoing using the Court's

CM/ECF system.  Electronic notification will be sent to all attorneys of record by operation of the

Court's electronic filing system.

/s/*Benjamin G. Stewart*

11100719